JACKSON
v.
RAYNER.

JOHN JACKSON *against* WILLIAM RAYNER.

IN ERROR, on *certiorari*, to a justice's court. *Michael Jackson*, son of the plaintiff in error, gave his promissory note to *Samuel Edson*, or order, which was endorsed by *Edson* to *William Rayner*, plaintiff below.

*Rayner* sued *Michael Jackson*, by warrant, upon the note; and, when the constable was about to serve the warrant, *John Jackson*, the defendant below, told the constable " not to serve it, for he, the defendant below, would pay the debt, if an honest one." Upon which the plaintiff below expressed his satisfaction, and withdrew that suit.

Soon afterwards, the defendant below saw the constable again, and requested him to tell *Rayner*, the plaintiff below, "to give himself no further trouble about it, for he would pay the debt; as he had taken his son *Michael's* property, and meant to pay his honest debts."

This suit was for the amount of that note; and there being no note, in writing, of the new promise, the defendant below relied on the statute of frauds, and objected to the parol proof above stated.

The justice overruled the objection, and gave judgment for the plaintiff below.

*Per Curiam.* The fair construction of the parol proof, in this case, is, that the defendant below had received an assignment of his son's property, in trust, for the payment of his son's debts; and, from that fund, he promised to pay the debt now in question. He is to be regarded as a trustee for the creditors of his son ; and his *absolute promise* to this creditor, is evidence that the fund was adequate. But, *the original debt of the son was still subsisting ;* and, according to the decision in the case of *Simpson* v. *Patten*, (4 *Johns. Rep.* 422.) and the authorities there cited, it seems well settled, that a promise to pay the debt of a third person must be in writing, notwithstanding it is made on a sufficient consideration.

The judgment must, therefore, be reversed.

*Marginal note:* A promise to pay the debt of a third person must be in writing, notwithstanding it is made on a sufficient consideration. Where A. gave a promissory note to B., and C. told B. that he had taken an assignment of A.'s property, and meant to pay his debts, and would pay the debt to him from A., it was held, that the promise of C. was within the statute of frauds.