Shaw, C. J.
This cause was argued at the last term in November, and the court reserved it for further consideration ; not because they entertained much doubt on the question, but the authorities having again been fully cited, we were desirous of seeing, whether there was any distinction, in principle, between this and cases recently decided by this court.
The exceptions present a strong case of a promise made by the defendants, to pay the debts due from Coffin to the plaintiff, and to the other workmen and persons who had supplied materials, and that upon good consideration, to wit, the being relieved by Coffin from the further performance of their contract with him, and an assignment by Coffin of the materials procured by him for the completion of the building. The promise does not seem to have been direct, from the defendants to the plaintiff, but it was made to Coffin with a request to communicate it to the plaintiff, which he did ; and we are not disposed to doubt, that such promise is equivalent to a direct promise to the plaintiff. Still the question recurs, whether an action will lie on a promise by the defendants, to pay the plaintiff the debt due to him from Coffin, unless such a promise is in writing. The court are of opinion, that this question is decided in the negative by the late case of Nelson v. Boynton, 3 Met. 396.
A promise to pay the debt of another must not only be made on a good consideration, but must be proved by written evidence. Loomis v. Newhall, 15 Pick. 166; Stone v. Symmes, 18 Pick. 467. It is no sufficient ground, to prevent the operation of the statute of frauds, that the plaintiff has relinquished an advantage, or given up a lien, in consequence of the defendant’s promise, if that advantage had not also directly enured to the benefit of the defendant, so as in effect to make it a purchase by the defendant of the plaintiff. Fish v. Hutchinson, 2 Wils. 94; Jackson v. Rayner, 12 Johns. 291; Nelson v. Boynton, 3 Met. 403.
The cases, in which it has been held otherwise, are those where the plaintiff, in consideration of the promise, has relin *492 quished some lien, benefit, or advantage for securing or recovering his debt, and where by means of such relinquishment the same interest or advantage has enured to the benefit of the defendant. In such cases, although the result is, that the payment of the debt of the third person is effected, it is so incidentally and indirectly, and the substance of the contract is the purchase, by the defendant of the plaintiff, of the lien, right, or benefit in question. Williams v. Leper, 3 Burr. 1886; Castling v. Aubert, 2 East, 325; Edwards v. Kelly, 6 M. & S. 204, 209.
When, by the new promise, the old debt is extinguished, the promise is not within the statute ; it is not then a promise to pay the debt of another, which has accrued, but it is an original contract, on good consideration, and need not be in writing. But where the original debt still subsists, and where the plaintiff has relinquished no interest or advantage, which has enured to the benefit of the defendant, it is not an original contract, but a contract to pay another’s debt, and must be in writing.
To apply these rules and principles to the present case; the promise of the defendants, supposing it to have been made directly to the plaintiff, was a promise to pay the debt due to him from Coffin; the plaintiff did not release Coffin, or relinquish any lien or benefit; and although there was a good consideration in law, for the defendants’ promise, it was a consideration moving from Coffin, and not from the plaintiff. The plaintiff and the other workmen and creditors for materials, had no lien on the building contract, or on the materials procured for completing the building; they paid the defendants nothing; they released no security ; they stood afterwards on the same footing, and with the same rights, which they had before the defendants’ promise was made.
The case certainly appears to be a hard one for the plaintiff, so far as the facts are disclosed; and beyond that, of course, we intimate no opinion ; but if the defence is inequitable, it is the common case, where a party is able to prove an actual promise, on a good consideration, by paroi evidence, and thus establish a meritorious and equitable claim ; but on *493 which it is provided by positive law, that no action shall lie unless the case is established by proof in writing, which the party cannot produce. It is a case not of merits, but of evidence, and where the law for wise purposes, has prescribed, as an inflexible rule, that no action shall lie without proof in writing. Such rule must prevail, however equitable the claim may apparently be.

Exceptions overruled.