JEREMIAH FURBISH & another *vs.* PETER GOODNOW.

An oral promise to pay the debt of another is within the statute of frauds, if the original debtor remains liable and no consideration moves from the creditor to the new promisor; although there is a valuable consideration moving from the original debtor to the new promisor.

CONTRACT on a promise by the defendant to pay the amount of a promissory note due to the plaintiffs from Charles Redding.

At the trial in the superior court, before *Russell*, J., the plaintiffs relied upon the case stated in their declaration, namely, that Redding was indebted to them on a promissory note which they continued to hold ; and that, by an agreed arrangement between the defendant, Redding and the plaintiffs, Redding conveyed certain real estate to the defendant, and, as a part of the consideration therefor, the defendant promised to pay the plaintiffs

the amount of the note. The plaintiffs admitted that they had no written evidence of any promise by the defendant, whereupon the judge, on motion of the defendant, ruled that without such written evidence, and without evidence that Redding was to be discharged from his obligation to pay the plaintiffs, th. action could not be maintained; and a verdict was accordingly taken for the defendant. The plaintiffs alleged exceptions.

*G. W. Park,* for the plaintiffs, besides some of the cases cited in the opinion, cited Browne on St. of Frauds, §§ 165–171, 194, 212; *Dearborn* v. *Parks,* 5 Greenl. 81; *Maxwell* v. *Haynes,* 41 Maine, 559; *Wait* v. *Wait,* 28 Verm. 350; *Lampson* v. *Hobart* Ib. 697; *Olmsted* v. *Greenly,* 18 Johns. 12; *Farley* v. *Cleveland,* 4 Cowen, 432; *Mallory* v. *Gillett,* 21 N. Y. 412; *Cailleux* v. *Hall,* 1 E. D. Smith, 5; *Phillips* v. *Gray,* 3 E. D. Smith, 69.

*R. D. Smith,* (*H. L. Hazelton* with him,) for the defendant.

GRAY, J. This case arises under that clause of the statute of frauds, which provides that no action shall be brought " to charge a person upon a special promise to answer for the debt, default or misdoings of another, unless the promise or some memorandum or note thereof is in writing, and signed by the party to be charged, or his agent." Gen. Sts. *c.* 105, § 1, *cl.* 2. By the established construction of this clause, " a special promise," in order to fall within the statute, must be express and not merely implied by law, " to answer for a debt " for which the promisor's person or estate is not already liable, " of another " than either of the parties to the promise, and who, if already liable for the debt, continues so liable. *Goodwin* v. *Gilbert,* 9 Mass. 514. *Fish* v. *Thomas,* 5 Gray, 45. *Alger* v. *Scoville,* 1 Gray, 395. *Walker* v. *Penniman,* 8 Gray, 233.

Even when all these elements concur, still, if the principal and immediate object of the transaction is to benefit the promisor, not to secure the debt of another person, the promise is considered not as collateral to the debt of another, but as creating an original debt from the promisor, which is not within the statute, although one effect of its payment may be to discharge the debt of another. It must however be constantly borne in mind that the question under the statute is not whether there is

a sufficient consideration for the defendant's promise, but whether that promise is to answer for the debt of another. The common law requires a consideration for every promise, oral or written· the statute also requires that, if it is a promise to answer for the debt of another, it shall be in writing. When the original debtor remains liable, yet if the creditor, in consideration of the new promise, releases some interest or advantage relating to or affecting the original debt, and enuring to the benefit of the new promisor, his promise is considered as a promise to answer fc his own debt, and the case is not within the statute. But if n· consideration moves from the creditor to the new promisor, and the original debtor still remains liable for the debt, the fact that the promisee gives up something to that debtor, or that a transfer of property is made or other consideration moves from that debtor to the new promisor to induce the latter to make the new promise, does not make this promise the less a promise to answer for the debt of another; but, on the contrary, the fact that the only new consideration either enures to the benefit of that other person, or is paid by him to the new promisor, shows that the object of the new promise is to answer for his debt. This is well settled in Massachusetts by the judgments of this court, delivered by Chief Justice Shaw.

In *Nelson* v. *Boynton,* 3 Met. 396, it was held that a promise to pay the debt of another, (which had been secured by suit and attachment of his property, in which the new promisor had no interest,) in consideration of the creditor's discontinuing the suit, without however giving up or discharging that debt, was within the statute; and the chief justice distinguished the case from those in which the creditor had a claim or lien upon property, which was discharged at the request and for the benefit of the party promising; and said, " The rule to be derived from the decisions seems to be this; that cases are not considered as coming within the statute, when the party promising has for his object a benefit which he did not before enjoy, accruing immediately to himself; but when the object of the promise is to obtain the release of the person or property of the debtor, or other forbearance or benefit to him, it is within the statute."

The rule is more precisely defined in the later case of *Curtis* v. *Brown*, 5 Cush. 488, which cannot be distinguished from the present (at least in any particular favorable to this plaintiff) and which is conclusive upon the point that a consideration moving from the original debtor to the new promisor is not sufficient to take the case out of the statute. The plaintiff there offered to show that the defendants, owning land on which one Coffin was building houses under a contract, proposed to Coffin to release them from the building contract and assign to them the building materials then on the premises, which Coffin refused to do unless the defendants would agree to pay all bills then outstanding for labor and materials, the amount of which he mentioned, and of which the plaintiff's was one; that the defendants thereupon, in consideration of such a release and assignment, and with the sole motive of procuring that benefit, which they did not before enjoy, agreed to pay those bills; told Coffin to inform the creditors of the agreement, which he did; and took possession of the land and materials. It was held that the promise made by the defendants to Coffin, and communicated by him at their request to the plaintiff, was equivalent to a direct promise by the defendants to the plaintiff; but was within the statute of frauds and would not support an action, because, in the words of the chief justice, "where the original debt still subsists, and where the plaintiff has relinquished no interest or advantage, which has enured to the benefit of the defendant, it is not an original contract, but a contract to pay another's debt, and must be in writing;" and, in the particular case, "the promise of the defendants, supposing it to have been made directly to the plaintiff, was a promise to pay the debt due to him from Coffin; the plaintiff did not release Coffin, or relinquish any lien or benefit; and, although there was a good consideration in law for the defendant's promise, it was a consideration moving from Coffin, and not from the plaintiff."

The later decisions of this court, cited in behalf of the plaintiffs, contain nothing to vary this rule. In *Alger* v. *Scoville*, 1 Gray, 391, the plaintiff transferred to the defendant the greater part of the stock in a corporation, and the defendant received it

and agreed to indemnify the plaintiff against his indorsements on the outstanding notes of the corporation; so that not only was the defendant's promise a promise to pay the debt of the promisee, but the consideration for it was a transfer of property from the promisee to the promisor; and Chief Justice Shaw cited with approval *Nelson* v. *Boynton*, and *Curtis* v. *Brown*, above quoted. See also *Jepherson* v. *Hunt*, 2 Allen, 423; *Dexter* v. *Blanchard*, 11 Allen, 365; *Burr* v. *Wilcox*, 13 Allen, 269. In *Wood* v. *Corcoran*, 1 Allen, 405, the original debtor was released at the time of the new promise.

In England, the settled construction of the statute seems to be in accordance with that which has prevailed in this court. The rule was laid down by Sergeant Williams in the notes to *Forth* v. *Stanton*, 1 Saund. (5th ed.) 211 *e*, as the result of the earlier authorities, that " the question, whether each particular case comes within this clause of the statute or not, depends not on the consideration for the promise, but on the fact of the original party remaining liable, coupled with the absence of any liability on the part of the defendant or his property, except such as arises from his express promise." This proposition has since been considered as stating the true test. *Green* v. *Creswell*, 10 Ad. & El. 459, and 2 P. & Dav. 435. In *Fitzgerald* v. *Dressler*, 7 C. B. (N. S.) 392, Lord Chief Justice Cockburn (with whom the other judges agreed on this point) said of it, " I quite concur in that view of the doctrine, provided the proposition is considered as embracing the qualification at the conclusion of the passage; for, though I agree that the consideration alone is not the test, but that the party taking upon himself the obligation upon which the action is brought makes himself responsible for the debt or default of another, still it must be taken with the qualification stated in the note above cited, viz., an absence of prior liability on the part of the defendant or his property — it being, as I think, truly stated there as the result of the authorities, that, if there be something more than a mere understanding to pay the debt of another, as where the property in consideration of the giving up of which the party enters into the undertaking is in point of fact his own or is property in which he has some interest, the

case is not within the provision of the statute." In *Tomlinson v. Gell*, 1 Nev. & P. 594, and 6 Ad. & El. 571, Mr. Justice Patteson said, according to one report, " In the cases in which it has been held that the promise to pay the debt of another need not be in writing, some sacrifice has been made by the plaintiff, such as giving up a lien, or the original debt;" or, according to the other report, " The cases on that point have been where something has been given up by the plaintiff and acquired by the party making the promise; as the security of goods for a debt." In a very recent case, the plaintiff had contracted to supply a firm with goods, to be paid for on delivery. It was afterwards agreed between that firm, the plaintiff, and the broker who made this contract in behalf of that firm, and who had no interest in its performance, that the plaintiff, instead of receiving payment in cash, should draw upon that firm at one month, and allow the broker three per cent. upon the amount of the invoice, in consideration of which the broker was to pay the plaintiff cash, and take the draft without recourse, or, in other words, buy the draft of the plaintiff. It was argued that this was an original contract by the broker, in consideration of the advantages which would accrue to him from the performance of the plaintiff's contract with the firm. But it was held by the courts of common pleas and exchequer chamber that it was a promise to answer for the debt of the firm, and within the statute of frauds. *Mallet* v. *Bateman*, 16 C. B. (N. S.) 530, and Law Rep. 1 C. P. 163. The other English cases cited by the plaintiff do not touch this point; for in *Browning* v. *Stallard*, 5 Taunt. 450, the new promise was accepted by the creditor as a substitute for the original one, and the first debtor discharged from liability; and in *Hodgson* v. *Anderson*, 3 B. & C. 842, and 5 D. & R. 735, the new promise was to pay to the plaintiff the promisor's own debt to a third person.

There is a want of consistency in the American authorities upon this subject. Chancellor Kent was of opinion that a guaranty of a previously existing debt of another was within the statute, unless it arose out of some new and original consideration of benefit or harm moving between the newly con

tracting parties. *Leonard* v. *Vredenburgh,* 8 Johns. 39. 3 Kent Com. (6th ed.) 123. In *Jackson* v. *Rayner,* 12 Johns. 291, the supreme court of New York held that an oral promise, which a father, who had taken an assignment of his son's property, made to one of his son's creditors to pay his debt, was within the statute. The decision of this court in *Curtis* v. *Brown,* above cited, has been followed in *Clapp* v. *Lawton,* 31 Conn. 95, and recognized in *Robinson* v. *Gilman,* 43 N. H. 491. And the decision in *Emerson* v. *Slater,* 22 How. 28, is not opposed to it; for in that case the promise of the defendant was an original undertaking on a good and valid consideration moving from the plaintiff to the defendant.

The other cases cited for the plaintiff indeed show that by the later decisions in New York, Maine and Vermont, the application of the statute has been so far relaxed in those states as to treat a transfer of property from the original debtor to the new promisor as taking the promise of the latter to the original creditor out of the statute. But where the authorities are conflicting, it is important that this court should follow its own decisions, unless clearly satisfied that they are erroneous, and thus at least preserve uniformity in the law of this Commonwealth.

In this action, brought upon an express promise of the defendant to pay the debt of a third person to the plaintiff, no evidence being offered of a discharge of the original debtor, or of any consideration whatever moving between the creditor and the new promisor, but the only consideration being a conveyance of real estate to the latter from the original debtor, the new promise was, according to the weight of authority, and, in our opinion, on principle, a promise to answer for the debt of another, within the statute, and the action cannot be maintained.

*Exceptions overruled.*