## ABNER F. HODGINS et al.

### vs.

## DANIEL HEANEY.

At the trial in the district court, Oct. 12, 1869, after plaintiffs had introduced their evidence and rested, defendant moved that the action be dismissed, and the plaintiffs non-suited, and that defendant have judgment for his costs and disbursements. The court sustained the motion, and ordered, orally, that the action be dismissed, and that the defendant recover of plaintiffs his costs and disbursements, for this reason, among others: that the agreements alleged in the complaint, as shown by the evidence to have been made by the defendant, were each and all within the statute of frauds, and void; to which order and decision the plaintiffs excepted. Nov. 8, 1869, plaintiffs gave notice of appeal to this court, "from the order and judgment made in said district court, at the October, 1869, term thereof, directing that said action be dismissed and plaintiffs non-suited." *Held*: That an appeal does not lie from such decision, as from a judgment or an order, and the appeal is dismissed.

The action was commenced in the district court, and complaint contained two causes of action, the second of which, for less than fifty dollars, being admitted by the answer, the first only was at issue, and on a trial, on Dec. 4, 1869, on motion of defendant, judgment was entered in the district court, that said first cause of action be dismissed, and that defendant recover of plaintiffs his costs and disbursements, less the amount so admitted to be due plaintiffs on said second cause of action, the former exceeding the latter in amount. *Held*: that it was competent for the district court to enter such judgment, and therein correct its error committed in the aforesaid decision, of disregarding said second cause of action.

Upon the trial the plaintiffs introduced evidence tending to prove that A being indebted to them, and they having an existing lien therefor upon her land, prior to a mortgage held by defendant thereon; at the

defendant's request, and on the faith of his verbal promise in consideration thereof, to pay them their demand against A, they agreed to waive, and waived said lien, and paid the costs of an existing execution levy on said land, upon payment of which, said execution had, by the owner thereof, been agreed with the defendant to be, and was withdrawn. *Held*: that such promise of defendant, though not in writing, was not within the statute of frauds.

Mrs. Kate C. Howe, wife of L. C. Howe, held by assignment a certificate of sale of certain school lands situated in Olmsted county, issued by the State of Minnesota, entitling her to a patent therefor, on payment of the purchase money, as therein mentioned; this she assigned, by an instrument in writing, executed by herself and husband, to the defendant. The assignment to the defendant was absolute in its terms, but was executed to secure the re-payment of certain moneys advanced by defendant. This action was brought in the district court for Olmsted county, to recover upon an alleged promise of the defendant, to pay for certain lumber and material furnished by the plaintiff, and the firms of Hodgins, Coleman & Co., and Hodgins, Robson & Co., their predecessors in business and assignors, for the erection of a dwelling house and other improvements on said premises; and also to recover money paid by plaintiffs, for defendant, at his request. On the trial, which was had before the court and a jury, the plaintiffs offered in evidence the articles of co-partnership of said firms, which were rejected under the objection, that they were not stamped with an internal revenue stamp. It appeared from the evidence that one L. E. Cowdey, was the agent of Hodgins, Coleman & Co., Hodgins, Robson & Co., and of the plaintiffs, and as such agent sold and delivered the lumber and material, and that he took a note and mortgage in his own name to secure a portion of the purchase money: that the note was execu-

ted by Mrs. Howe, and the mortgage, (covering said premises) by Mrs. Howe and her husband, and that said Cowdey did not know until after he took the mortgage, of the existence of defendant's lien, or interest in the premises. The pleadings, the rulings of the court below, the appeals taken to this court and all other matters necessary to a full understanding of the case, are sufficiently stated in the opinion of the court.

Henry C. Butler, for Appellants.

Chas. C. Willson, for Respondent.

*By the Court*—Ripley, Ch. J.—The complaint sets out two causes of action : the first, that in consideration, that at his request, plaintiffs would forbear to file a lien for lumber and materials furnished to, and used by one Kate C. Howe, wife of L. S. Howe, in the erection of a dwelling house and improvements upon two-and-a-half acres of land within the limits of the city of Rochester, owned by her, but of which defendant held a conveyance, absolute in form, but in fact a mortgage, and to bring an action to have such lien declared prior to defendant's, and his conveyance declared a mortgage, subject to such lien; and would furnish said Howe certain lumber for fencing the lot on which said house stood, and would pay the sum of $12.60 as afterwards specified, the defendant promised that he would pay the sum then due plaintiffs for such lumber and material, part of which is alleged to have been furnished by plaintiffs and part by the firms of Hodgins, Coleman & Co. and Hodgins, Robson & Co., whose successors and assignees in interest plaintiffs are alleged to be,—and avers, that in consideration of such request and promise plaintiffs furnished said fencing, paid said

$12.60, and forebore to file said lien, and bring said action, and that their right to do so had expired, but that defendant refuses to pay their said demand.

The second cause of action is for $12.60 as money paid for defendant's use, and at his request, on the 4th of January, 1868.

The answer alleges, and it is admitted, that the land in question was school land for which Mrs. Howe had held by assignment a certificate of sale, issued by the State to one P. Cavilier, entitling him or his assigns to a patent on payment of the purchase price as therein stipulated, and which had been assigned to the defendant by an instrument under seal, duly executed and acknowledged by her and her husband, and recorded, and which is the conveyance specified in the complaint, and the object of which was to secure to defendant the repayment of moneys advanced by him.

It also alleges that said premises are the homestead of Mrs. Howe, and her husband, and as such exempt from such alleged lien; that plaintiffs were not the material men, but the assignees of the said parties who are alleged to have furnished the lumber, &c., and denies that plaintiffs had or could have any such lien. That any promise of defendant was without consideration, and not in writing; denies the making of the promises alleged, in the first count, and that plaintiffs forebore to file a lien, or bring such action, on account of any request or promise of defendant; admits his refusal to pay, and the payment of $100 by Mrs. Howe on account of said lumber, and as to each and every other allegation in said first count, denies any knowledge or information sufficient to form a belief.

As to the second couse of action, it admits the facts alleged.

From the case settled it appears that the issues arising on these pleadings, came on for trial by the court and a jury, at

Hodgins et al. v. Heaney.

the October term, 1869, of the district court for Olmsted county, on the 12th October, 1869, and that after plaintiffs had introduced their evidence, and rested, the defendant moved that the action be dismissed, and the plaintiff non. suited, and that defendant have judgment for his costs, and disbursements, and that the court sustain the motion, and "ordered that the action be dismissed, and that defendant recover of plaintiffs his costs and disbursements, for this reason among others, that the agreements alleged in the complaint, as shown by the evidence to have been made by the defendant, were each and all within the statute of frauds, and void; to which order and decision the plaintiffs excepted." This action of the court was erroneous, in so far as it ordered a dismissal of the action in which plaintiffs were entitled, on the second cause of action, to recover the $12.60 admitted to be due them, though if this were their only cause of action, they would be obliged to pay defendant's costs and disbursements, to be deducted from it, and, if exceeding it, judgment for the excess would go against them. *Gen. Stat.* 1868, *ch.* 89, § 1.

The only record made at the time, of the action of the court, was the following entry by the clerk, in the court minutes: "Defendant's counsel moved for a non-suit. Motion allowed. Ordered that proceedings be stayed for twenty days, and that plaintiffs have ten days to prepare a a case, and that defendant have ten days to propose amendments."

The case was settled during the time so allowed, which expired November 2, 1869. On the 8th day of said November, plaintiffs gave notice of appeal to this court, from the order and judgment made in said district court, at the Oct., 1869, term thereof, directing that the said action be dismissed, and plaintiffs non-suited therein; and gave bond with two sure-

ties in the penal sum of $250, conditioned that whereas they had appealed from a judgment against them made by the said district court at said term, said bond should be void if said judgment or any part thereof should be affirmed, and they should pay the amount thereby directed to be paid, and all damages, costs and charges awarded against them on said appeal, not exceeding said $250.

No judgment had then been entered, nor is this bond such as is required to stay proceedings in the court below, on appeal taken from an order. *Gen. Stat. ch.* 86, *sec.* 10. This, the first appeal taken in said case, is still pending.

On the 3d of December, 1869, the plaintiffs notified defendant's attorney, that on the 9th of said month, they would cause "the judgment rendered in the said action by the said court at the last October term thereof, in said court, to be entered in said action, in the records of said court."

On the 4th day of said month, the clerk entered judgment in said action, at the instance of defendant's attorney, dated of that day, that said first cause of action be dismissed, and that defendant recover of plaintiff $15.95, his costs and disbursements, after deducting therefrom, the sum of $14.36, admitted to be due the plaintiffs by defendant's attorney, viz: $1.59.

On the 9th of said December, the clerk, at the instance of plaintiffs' attorney, entered a judgment in said action as of October term, 1869, that the action be dismissed, and plaintiffs non-suited, and that defendant recover of plaintiff his costs and disbursements, taxed at $15.96. On the 20th of said December, the judge of the district court, on motion of plaintiffs, granted an order on defendant to show cause on the 21st day of December, 1869, why the judgment entered Dec. 4, 1869, should not be vacated, and, on the hearing, on said return ordered, that plaintiffs' application be

Hodgins et al. v. Heaney.

denied, and that said judgment stand as the judgment in said action, from which order, and from said judgment plaintiffs appeal.

The appellants contend that the decision of the court at the trial upon defendant's motion was the judgment, within the meaning of the statute, authorizing the removal to this court by appeal of a judgment in a civil action in any of the district courts, [*Chap.* 86, *sec.* 1;] and that an appeal lay therefrom immediately, as from a judgment, though not reduced to writing, or signed or entered: but this position is not tenable. The statute contemplates an appeal from a record. The judgment must be entered in the judgment book before it is complete—that is the formal and permanent entry of the judgment upon the record; from the date of the entry, the time within which an appeal can be taken begins to run. *Gen Stat. ch.* 86, *sec.* 3, 4, 5, 6; *do. ch.* 66, *sec.* 250. *Williams vs. McGrade*, 13 *Minn.*, 46.

But if not the judgment, plaintiffs insist that it is at least an order for judgment of dismissal, and appealable; and being erroneous, must be reversed.

But we do not see how this case is distinguishable in this respect, from *Lamb vs. McCanna*, 14 *Minn.*, 513. That case is in fact stronger than this, for the decision of the court, on the motion that the action be dismissed, was there put into a formal order of dismissal, and entered of record: in this case, both parties call upon us to go behind the case as settled, and examine the whole return; and upon that, not to speak of the affidavits and statements of the parties, it is evident that no order of dismissal was ever drawn up or entered; nor does the entry in the court minutes necessarily import the making of such order, for it may well be held to refer only to the first cause of action, and the only one on trial. As before remarked, the court made an oral

decision in the course of the trial, to which plaintiffs excepted, and *because* the same did not otherwise appear of record, the court subsequently certified to the fact in the form of a case settled. The decision in *Lamb vs. McCanna,* equally with this, decided the whole action pending before the court, and left plaintiffs no remedy but to appeal.

The first appeal, then, is not well taken, and must be dismissed.

The second appeal, so far as it is an appeal from the order denying plaintiffs' motion to vacate the judgment of Dec. 9, is also bad. If the order made at the trial were appealable, the security given not being effectual to stay proceedings, the district court was at liberty to proceed to enter judgment, and was certainly not obliged, if it had committed an error, to allow the error to be carried out, and perpetuated of record. It had full power over its records to make orders, enter judgment, and correct errors, and we think it evident that the ruling, as set out in the case, was the result of inadvertence, whereby the fact that there was a second cause of action, admitted by defendant, was overlooked by the district court. The judgment entered on the 4th of December, is no doubt agreeable to the true intent of the court. If the order were not appealable, of course there could be no doubt of its power to modify it, and enter such judgment as it saw fit.

The appeal from the judgment remains to be considered, and whether upon the case as settled there was error in any of the rulings or decisions of the district court at the trial.

The allegation in the answer that the plaintiffs were the assignees of *said parties* who furnished the lumber, admits the partnership of Hodgins, Robson & Co. The offer by plaintiffs of their articles of partnership was therefore superfluous, and their rejection no ground of exception.

Hodgins et al. v. Heaney.

The only other exception taken by plaintiffs is to the decision dismissing the action.   The error in disregarding the second cause of action, has been corrected in the judgment; but considered as an order dismissing the first cause of action only, it was erroneous.   The case finds that it was dismissed "for the reason among others, that the agreements alleged in the complaint as shown by the evidence to have been made by the defendant, were each and all within the statute of frauds, and void."

The only other reasons urged by respondent are, that if the evidence proved an agreement on plaintiffs' part, to forbear to bring an action to enforce a lien, it was not a sufficient consideration to uphold defendant's promise to pay, as a new and independent contract, because : *First*, it was not in writing : *Second*, the plaintiffs had waived their lien by taking the note and mortgage before mentioned : *Third*, that plaintiffs had failed to prove any debt against Mrs. Howe.

There is nothing in the first objection, nor do we think that the taking by Cowdrey in his own name, of the note and mortgage, the mortgage being no lien upon the land, and taken in ignorance of that fact, was, under the circumstances of the case, a waiver by plaintiffs of any statute lien they might have, and whether plaintiffs have proved a debt against Mrs. Howe, was a question for the jury, which it would have been error for the court to pass upon; and we cannot say that in this case as settled, there was no evidence proper for the jury on this point.   The case does not specify what agreements are, in the opinion of the court, shown by the evidence to have been proved.

The appellants claim, that they proved a promise by defendant to pay a demand held by them against Mrs. Howe, upon a consideration moving from them to him, in

this: *First*, that they waived an existing lien prior to his, on the premises, at his request, and on the faith of such promise: *Second*, that they furnished certain fencing to be used upon the land in question, on the faith of such promise: *Third*, that they paid as hereinafter stated, $12.60, at his request, on the faith of such promise.

The respondent, on the other hand, does not admit either that the plaintiffs had any lien, or that any such agreements were proved.

He seems to admit that if plaintiffs had such prior lien to his, and made a valid agreement to forbear to enforce it, and have lost it in consequence of their forbearance to enforce it, on the faith of his promise, though verbal only, to pay their demand, if they would so forbear, he would be liable, and we think he would be. Though the debt against Howe remained, the promise would be founded on a new consideration moving to him, of benefit to him, and harm to plaintiffs.

So as to the $12.60, printer's and sheriff's fees, on the execution of eastern creditors against L. S. Howe, the levy made under which, upon Mrs. Howe's land, was withdrawn, according to Mr. Jones' testimony, at respondent's request, and upon condition that such costs were paid by him. It does not appear how either L. S. Howe or his wife, were liable for them. The debt would be due from the execution creditor to the printer and sheriff.

If the execution was withdrawn or plaintiffs paid those costs at defendant's request, and on the faith of his promise that in that event he would pay their demand for lumber, and the payment of the costs was a condition of the withdrawal, such promise would not be within the statute. It would be, not a promise to pay the debt of another, but a new and independent contract between plaintiffs and him-

Hodgins et al. v. Heaney.

self, on a valuable consideration; the amount of which would be immaterial. *Browne Statute Frauds*, § 201 *et seq.* § 212; *Walsh vs. Kattenburgh*, 8 *Minn.*, 131; *Mallory vs. Gillett*, 21 *N. Y.*, 412; *Nelson vs. Boynton*, 3 *Met.*, 396; *Torbert vs. Goodnow*, 98 *Mass.*, 296.

Whether the plaintiffs agreed, on the faith of the alleged promise of defendant to forbear, and did forbear to file a lien on the land, and have thereby lost a right they then had, and whether defendant made the promise alleged, were not for the court, but for the jury to settle, under proper instructions; and on these questions we think that the case discloses evidence proper for their consideration, and they should have been left to them, to find for the plaintiffs, if upon all the evidence that should be introduced, they should believe either that plaintiffs, having such lien, agreed to waive, and waived it at defendant's request, and on the faith of his alleged promise, or that said $12.60 was paid by plaintiffs and said execution withdrawn at his request, and on the faith of the alleged promise made as above stated. As to the fencing, however, the effect of the promise alleged being to pay the debt of another, it would be going too far to say, that there is evidence tending to show that the leading object of defendant in making it, was to subserve or promote some interest or purpose of his own, and that therefore it is valid, though not in writing. *Nelson vs. Boynton*, 3 *Met.*, 396.

The judgment appealed from is reversed, and a new trial ordered.