ABNER F. HODGINS *et al.*

*vs.*

DANIEL HEANEY.

The sufficiency of evidence to sustain the verdict of a jury, involving a finding that a purchase of certain lumber by a husband in his own name was made as the agent of his wife, and that an agreement by the attorney with the defendant, to waive the lien of the plaintiffs for materials furnished for building a house, was assented to and ratified by the plaintiffs, considered and determined.

A second trial of this action in the district court for Olmsted county resulted in a verdict and judgment for the plaintiffs, from which judgment the defendant appeals.

The opinion of the court contains a sufficient statement of the questions raised and decided on this appeal.

The pleadings in the action and all other matters necessary to

a full understanding of the case will be found reported in 15 *Minn.* 185.

Chas. C. Willson, for Appellant.

Henry C. Butler, for Respondents.

*By the Court*—McMillan, J.—This case was before this court at January term 1870, and, upon an appeal from a judgment dismissing the action, the judgment was reversed and a new trial granted.

*Hodgins vs. Heaney*, 15 *Minn.* 185. The action was again tried before the district court at October term 1870, and resulted in a verdict for the plaintiffs, upon which judgment was duly entered, from which the defendant takes this appeal.

From the case settled it does not appear that any exception was taken upon the trial either to the admission of evidence or the charge of the court.

The first point urged by the appellant is, that there was a total failure of proof that the sale of the lumber was made to Kate C. Howe. Although there was evidence tending to show that Lewis S. Howe, the husband of Kate C. Howe, purchased the lumber in question; that it was charged to him by the plaintiffs; that he paid $100 of his own money on account of the lumber, and that Kate C. Howe never directly authorized the purchase of the lumber; yet, it appears that the title to the land upon which the house was built was in her name; that the lumber was purchased for and used in the erection of the house; that Lewis S. and Kate C. Howe were husband and wife, and living together during the building of the house; that Lewis S. Howe did the business of getting the materials and building the house; that at the time he commenced to put up the house his wife knew he was building it, was on the ground occasionally,

and saw the house being built; that the largest portion of the money paid for the materials and building of the house was his wife's money; that Mrs. Howe executed the note to the plaintiffs for the balance due for the lumber in her own name, and together with her husband executed a mortgage upon the premises, on which the house was erected, to secure such note.

We think these facts tended to prove that in the purchase of the lumber Lewis S. Howe acted as the agent of his wife, and are sufficient to support the finding of the jury that the sale of the lumber was to her. *Hodgins et al., vs. Heaney,* 15 *Minn.* 185; *Tuttle vs. Howe,* 14 *Ib.* 145.

The second point of the appellant is, that "It was beyond the scope of Jones' authority to make any agreement with defendant to relinquish the plaintiffs' lien."

It appears that Cowdery was the agent of Hodgins, Robson & Co., and Hodgins and Robson, and as such, sold the lumber in question, and was the agent of the plaintiffs during the negotiations with Jones, by which the latter waived the lien of the plaintiffs on the premises for the lumber furnished for the house : that Cowdery, as such agent, within a week prior to the negotiations between Jones and defendant Heaney, which resulted in a waiver of the plaintiffs' lien, employed him to file the lien to secure the lumber bill ; that within twenty-four hours after the arrangement between Jones and Heaney, by which the latter was to pay the plaintiffs' bill, Jones saw Cowdery, told him of the bargain he had made with the defendant, and it appears both from the evidence of Jones and Cowdery that the latter assented to the agreement betweent Jones and Heaney ; that the latter was aware of this, and the agreement was carried out on the part of Cowdery.

Whatever may have been the extent of Jones' authority as a member of the firm of Jones and Butler, who it appears were the attorneys at law of the plaintiffs in all their matters in that

vicinity, we think the facts stated show a full assent to, and ratification of the agreement made between Jones and Heaney. We see no ground for disturbing the verdict.

Judgment affirmed.