prolixity in pleadings or depositions, must specify the particular parts objected to.

depositions, the party objecting should point out the particular parts of such pleadings or depositions which are deemed objectionable on that ground ; so as to give the opposite party an opportunity to explain, by affidavit or otherwise, why the part objected to was considered necessary. And if the pleadings or depositions are manifestly impertinent upon their face, as to any particular allegations or statements contained therein, the taxing officer should be pointed to the impertinent matter by a reference to the folios in which it is to be found.

Motion denied ; but without costs.

*Adam Planck* v. *Isaac M. Schermerhorn et al.* J. RHOADES, for complainant ; I. HARRIS, for defendants. Application for the appointment of a receiver of the property of the judgment debtor of the complainant, and also of certain property assigned by him to his co-defendant. The Chancellor decided that an assignment by which the assignor attempts to appropriate a part of his property for the use of his wife, to pay a claim which she could not have recovered from him, by any suit or proceeding, is void as against creditors of the assignor, provided his property, at the date of the assignment was not sufficient to pay all his other debts, as well as the claim of his wife, so far as it was secured by the assignment ; inasmuch as such an assignment would deprive the creditors of the power of ever obtaining payment of their debts.

What amounts to fraud in an assignment of a debtors property.

*Held* also, that under the section of the statute declaring it fraudulent for a debtor to make an assignment of his property for the purpose of delaying creditors, if a person has sufficient means to pay all his debts, it is a fraud upon his creditors for him to assign all his property to an assignee, and to authorize him to employ the proceeds thereof in defending suits which may be brought against the assignor by his creditors, to recover their debts.

A power in an assignment, to the assignee to lease or mortgage the estate assigned is void.

And so is a reservation of the right in the assignor to name the successor of the assignee in case he shall wish to resign the trust ; because it may deprive the court of the power to remove the trustee and appoint another in his place, upon the application of creditors.

Application granted, as to the assigned property other than that embraced in the assignment of 1842 and in the assignment to Mc

Goffin ; unless the defendants shall give security for payment of the complainant's debt and costs if he succeeds in obtaining a decree setting aside the assignment of 1844.

*The Mohawk Bank* v. *Isaac M. Schermerhorn et al.* J. RHOADES, for complainant; I. HARRIS, for defendants. Application to open default, and set aside decree, denied with costs.

*Lewis Curtis et al.* v. *David Leavitt, receiver &c. et al. David Leavitt, receiver* v. *Lewis Curtis et al.* B. W. BONNEY, for petitioner ; G. N. TITUS, for Leavitt; W. C. NOYES, for trustees.— Order authorizing special receiver to pay the necessary counsel fees incurred in those suits which he has adopted, and carried on in the names of the trustees, out of the funds in his hands arising from any of those suits.

*In the matter of the Croton Insurance Company.* J. N. TAYLOR, for petitioner. This was an application by the receiver of an insolvent Company for leave to re-insure the risks of the corporation ; for leave to compromise claims against it; and for leave to pay the officers of the company their salaries, in full. The Chancellor decided that the officers of the institution were not entitled to any preference, in payment, over other creditors; but he directed the receiver to allow them only the amounts due to them up to the time of his appointment, as debts to be paid rateably with other creditors.

*Insolvent corporation.*

The order also allowed the receiver to compromise doubtful claims against the company, by the allowance of so much thereof as he may deem just and equitable; and to submit any such claim to arbitration, as provided for in the statute. Receiver also allowed to compromise with debtors of the corporation who are unable to pay in full, upon the receipt of a part of the amount.

So much of the application as asks for leave to re-insure the risks of the company, denied.

*John S. Taylor,* v. *Harmon Bruen et al.* W. WATSON, for appellant; A. TABER, for respondent. Appeal from an order of the vice chancellor of the first circuit denying an application to dissolve an injunction. Decided that the sixth section of the title of the revised statutes relative to unauthorized banking (1 R. S. 712) applies to foreign as well as to domestic corporations; and foreign corporations are still prohibited from keeping any office in this state for the purpose of receiving deposits or for discounting

*What amounts to an illegal keeping of an office of discount and deposit in this State by a foreign corporation.*