Mr. Justice Clayton
delivered the opinion of the court.
This was an action of detinue instituted in the circuit court of Adams county, to test the validity of the assignment of its assets made by the Planters’ Bank previous to the judgment which deprived it of its charter. The plaintiffs are the trustees appointed by the court, upon the rendition of the judgment of forfeiture; the defendants are the assignees in the deed of as *574 signment. The case thus presents the question of the validity of an assignment made by a bank, since the prohibitory act of 1840.
The views of this court were expressed on this subject in the case of Payne et al. v. Baldwin et al., 3 S. & M. 661. That opinion was. reversed in the supreme court of the United States, and we have since conformed to their decision.
There is also an objection taken to' the deed of assignment in this case, on account of its containing a provision alleged to be fraudulent in law. The objection is, that in a certain contingency, the assignees are authorized to sell the bank notes or issues of the bank.
It might, perhaps, be doubted, whether either the bank or the debtors of the bank, or the trustees, can call in question the validity of the assignment upon the ground of fraud. But we see nothing in the deed which can justify us in saying that it is fraudulent upon its face. It is not in itself an improper appropriation of the assets, although it may lead to such a result. It is not, therefore, fraudulent in law. If the power be improperly exercised, so as to amount to a fraud in fact, a court of chan-eery may check and control the abuse upon the application of the creditors or of the stockholders.
The. judgment of the court below is reversed; and this court proceeding to give the judgment which that court ought to have given upon th.e special verdict, doth direct judgment to be entered for the defendants in the court below, the plaintiffs in error here.
Judgment reversed.