The case of *Prindle* agt. *Caruthers* cannot be distinguished from this. There the pleading was upheld, and *stare decisis*.                              J. M. BARBOUR.

---

## SUPREME COURT.

CORNELIUS VAN DINE, assignee agt. JAMES C. WILLETT, sheriff, &c.

Where, at the time of the execution of the *assignment for the benefit of creditors,* a *contract* for the manufacture of goods in England had been made by the assignor, the order had been sent, and a subsequent delivery proved that the order had been *accepted,*

*Held,* therefore, that the assignor had a claim to have the goods manufactured, which he could enforce, and which contract he could assign; and that whatever interest he had under the contract *passed under the assignment to the assignee.*

The *assignee* having subsequently elected to accept the goods here in public store, by the payment of the duties and the purchase money, *held,* that a levy and tak-

ing of the goods afterwards by the *sheriff*, as the property of the assignor, made him a *trespasser*.

A direction in an assignment to the assignee to pay *rent* and *taxes* on the real estate until sold, *held*, not objectionable; it was only authorizing the assignee to do what he would have been authorized to do without it, to preserve the property.

The assignment authorizing the assignee to pay debts due and to grow due, *held* unobjectionable.

So the authority to employ an *attorney*, *held* unobjectionable.

*New York General Term, October*, 1862.

INGRAHAM, LEONARD and CLERKE, *Justices.*

MOTION by plaintiff for a new trial on a judgment dismissing the complaint.

By the court, INGRAHAM, P. Justice. The property in controversey in this action was ordered by the assignor to be manufactured for him in England, prior to the execution of the assignment. It did not arrive here till after that date.

On the arrival of the goods here, they were sent to the public store, and were afterwards entered in the name of the assignor, on behalf of the assignee, who paid the duties, and who subsequently paid the contract price for the goods to the manufacturer.

The defendant levied upon the goods, in behalf of a judgment creditor. The plaintiff claims the goods as assignee, and the defendant resists such claim:

1st. On the ground that no title passed to the assignee under the assignment.

2d. That the assignment was void.

At the time of the execution of the assignment, the contract for the manufacture of the goods had been made, the order had been sent, and the subsequent delivery proves that the order had been accepted. The assignor, therefore, had a claim to have the goods manufactured, which he could enforce, and which contract he could assign. Whatever interest he had under the contract passed under the assignment to the assignee.

The assignee was not bound to accept such an assignment,

and he might have undoubtedly refused to accept the goods, and would not, in such an event, have been liable to the manufacturer for the purchase money.

But he elected to accept the goods which is evidenced by his payment of the duties and the purchase money.

This election was before the levy by the sheriff, and whatever doubt there might have been if the levy had been made before the assignee had elected to take the assignment and comply with the terms of the contract, as soon as such election was made the interest of the assignor in the property was at an end, and the title was in the assignee. After that the sheriff was a trespasser in taking the property as the property of the assignor.

The facts as proven show the delivery by the manufacturer to the assignor on board of the vessel, subject, of course, to his right to stop the goods *in transitu,* but which right was not executed, and the goods reaching the place of destination.

Both parties must be considered as conceding that the assignor obtained title to the goods, as soon as they were placed on board of the vessel, in pursuance of the order before given for their manufacture, as both claim under his possession.

As to all the world, except the vendor, the title passed to the assignor, and no other person could dispute that title.

The assignment conveyed all the goods, chattels, merchandise, &c., and property of every name and nature whatever of the assignor. These words were sufficient to include all the property of the assignor, wherever it might be, and I see no reason why it did not include every property belonging to the assignor, on board of a ship as well as in his store.

If any measures had been taken to rescind the contract, that might have defeated the plaintiff's title; but as no such proceedings took place, the title of the assignor was

not impaired, and whatever title he had passed to his assignee under the assignment.

The fact of the entry being made in the name of the assignor for the use and under the direction of the assignee, who paid the duties thereon, would not deprive the plaintiff of title to the goods, if that title had passed under the assignment previously. There is no ground for imputing any fraud to the assignee on that account.

The other ground alleged by the defendant for dismissing the complaint was that the assignment was void.

1st. The direction to pay the rent and taxes on the real estate until sold, was a necessary power to preserve the property, and the assignee would have been authorized to do it, if the authority was not included in the instrument itself.

It is true, as held in *Carter* agt. *Hammil*, (12 *Barb.*, 254,) that the assignee had a right to elect whether he would except an assignment of a lease so as to make himself liable for rent to the landlord, but if he refused to accept, the the authority to pay rent and taxes would become imperative, while the acceptance would make him liable until sale, whether the assignment authorized payment of the rent or not.

2d. It is objected that the assignment authorized the payment of debts due and to grow due.

The defendant's counsel admits, if this had been confined to debts for which the assignee (who was intended to be secured) was at the time liable, it would be good.

The assignment will bear no other construction. It authorizes the payment of debts, bonds, notes and sums of money due and to grow due, whether they were payable at the time or not would be immaterial. The assignment expressly confines the payment to debts, &c., for which the assignor was then liable to the assignee. It could not, in any way, be made to cover debts not then in existence.

3d. The authority to employ an attorney is also objected to.

The appointment of an attorney does not authorize the assignee to substitute any one in his place. He still remains liable, and bound to act as principal. Any discretion must be exercised by him and on his responsibility. Whatever an attorney does in the business is considered as done by the assignee. That he might employ an attorney without any express authority is undoubted. The authority given to do so does not, in any way, invalidate the assignment.

The case referred to in *Plank* agt. *Schermerhorn*, (3 *Barb. Ch. Rep.*, 644,) was a case where the assignee had a right to name a successor and not appoint an attorney.

I see no reason for holding the assignment void, as matter of law. If there was any fraud in fact, the question was for the jury and not for the court.

My conclusion is that the court erred in dismissing the complaint, and that the judgment should be reversed and a new trial ordered, costs to abide the event. ·