<hr/>

## TRACEY H. HARRIS AND OTHERS *vs.* PHŒNIX INSURANCE COMPANY.

A policy of insurance contained a provision that no suit for the recovery of any claim on the policy should be sustainable in any court of law or chancery unless commenced within twelve months after the loss occurred.    Where the amount due for a loss was attached by a creditor of the insured within twelve months, on a process of foreign attachment, and a suit of scire facias was brought against the company by the creditor after the expiration of twelve months, it was held that the original suit saved the claim from the limitation of the policy, and that the suit of scire facias was sustainable.

The policy provided that the insured should, if required, submit to an examination under oath as to his loss, and that the loss should not be payable till such an examination had been submitted to.    The insured filed the ordinary proofs of his loss, which were not satisfactory to the company, and they required a personal examination, and used due diligence to notify the insured of such requirement, but were unable to find him.    Held that the factorizing creditor stood in no better position than the insured, and that he could not recover the amount of the loss.

SCIRE FACIAS brought upon a judgment in foreign attachment, in which the present defendants were factorized by the plaintiffs as debtors of one James A. Bass, for the amount due the latter for a loss by fire upon a policy of insurance issued by the defendants.    The suit was brought to the Supe

rior Court in Hartford county, and tried upon the general issue, closed to the court, before *Sanford, J.* Judgment was rendered for the defendants and the plaintiffs moved for a new trial. The case is sufficiently stated in the opinion.

*Hyde* and *Hall*, in support of the motion.

*Chamberlin*, contra.

HINMAN, C. J. Two objections to the plaintiffs' recovery in this cause are made by the defendants, which will be noticed in the order in which they were made.

1. It is provided in the policy that no suit shall be sustainable in any court, unless it is commenced within twelve months next after the loss shall occur, and the claim is, that the original suit by these plaintiffs against the insured, Bass, (which was commenced within twelve months after the loss, though this scire facias upon the judgment in that suit was not brought within that time,) was not "for the recovery of any claim by virtue of this policy," within the meaning of this provision. We are however clearly of opinion that by commencing their suit against their original debtor, Bass, within twelve months after the loss, and garnisheeing the defendants as the debtors of Bass, their only claim being that the defendants were indebted to Bass in consequence of the loss which had happened to him under this policy, the plaintiffs commenced such proceedings as saved them from this limitation in the policy.

The language of the policy is very broad. No particular suit or mode of proceeding is mentioned the commencement of which is limited to this period of twelve months, but the provision is that no suit or action in any court of law or chancery shall be sustained unless commenced within twelve months. And if we adopt the narrow construction of the words "suit or action" contended for by the defendants, it would operate as an absolute denial of any benefit arising from the right of a creditor to garnishee thedebt due to his debtor

under such a policy as this, since by taking advantage of the ordinary delays incident to obtaining a judgment in the suit against the original debtor, it would be very easy to prevent the obtaining of such a judgment until after the period of twelve months had elapsed, when the right to bring a *scire facias*, according to this claim, would be barred and gone forever. But by a " suit " within the meaning of this provision of the policy is most clearly meant any proceeding in a court for the purpose of obtaining such remedy as the law allows a party under the circumstances. And as the proceeding by foreign attachment is authorized by statute, in order to enable a creditor to hold the goods or credits of his debtor in the hands of a third party, the commencement of that proceeding is the commencement of a suit for that purpose within the meaning of this provision. As a proceeding *in rem* against the debt in this case, it is properly enough a proceeding against the defendants who owe the debt, and so is a suit " against this company " for the recovery of a " claim by virtue of this policy," and comes therefore within the language of the provision relied upon by the defendants. Besides, the statute authorizing garnishees to appear and defend their principals treats the garnishee as a party, and the *scire facias* being only auxiliary to the collection of the judgment rendered in the original action, the commencement of the whole proceeding is the commencement of the original suit. This point is we think too clearly against the defendants to require illustration by reference to the authorities.

2. The second objection to the plaintiffs' recovery is we think of a more substantial character. One of the conditions in the policy is " that the assured shall, if required, submit to an examination under oath by any person appointed by the company, and if deemed necessary by the company, to a second examination, and subscribe to such examination when reduced to writing ; and shall also produce his books, &c." And then the policy provides by an express stipulation, that "until such proofs, declarations and certificates are produced and examinations and appraisals permitted, the loss shall not be

payable." Besides, the policy in its main provision as to payment of the amount of loss provides that it is to be paid sixty days after due notice and proofs of loss made by the assured and received at the company's office in accordance with the terms of the policy. And it is one of the agreed facts in the case that when the proofs of loss were received by the defendants they were not satisfied therewith, but claimed that the statements therein were not true, and immediately required that the assured should submit to an examination, such as is provided for in the above stipulation; and that the defendants used due diligence to notify the assured of such requirement, but that they have been unable to find him, and that he has ever since neglected to submit to such examination.

Now as the plaintiffs stand upon the right of the assured, Bass, and are in no better condition than he would be, were he now prosecuting his suit for the damages caused by the loss, (*Dewit* v. *Baldwin*, 1 Root, 138,) it becomes important to determine whether the stipulation for his personal examination is a condition precedent to his right under the policy. The plaintiffs insist that it is not such a condition in this case, because it does not appear that notice that a personal examination was required has ever been brought home to the assured. If this was so in consequence of the fault of the defendants there would doubtless be force in the suggestion. But the defendants have not been in fault. Having used due diligence to notify the assured that they required the performance of this stipulation, they clearly ought not to be held to have waived its performance. If the assured has intentionally absented himself so that he cannot be notified that performance of the stipulation is required, he should be held to have had notice. And if for any cause, whether by his fault or otherwise, he cannot be notified, that may be his misfortune or the misfortune of those claiming under or through him, but is no reason for treating as inoperative an important stipulation which the defendants saw fit to require, and the assured to give, as a condition which was to be complied with before there could be any obligation to pay for the loss.

We are of opinion therefore that the court below properly rendered judgment for the defendants and that a new trial ought not to be granted.

In this opinion the other judges concurred.