Ingraham, P. J.
The motion in this case is for an injunction to restrain the defendants from making or selling an article called Worcestershire sauce; and from using any wrappers or labels, similar to those used by the plaintiffs. The plaintiffs claim to be the proprietors of this article, which they have been making and selling for many years, under the name of Worcestershire sauce, from the name’ of the place where they reside and carry on their business.
Two questions are submitted in this case ; one in regard to the name which they claim to be a trademark, the other, in regard to the labels and wrappers which they have for a long time used in putting up the article for sale.
In regard to the name, it is to be observed that it contains nothing but the name of the place where it is manufactured, and the word “sauce” as descriptive of the article sold. Neither of these words can' be used in such a manner give the exclusive use of them as a trademark. The cases on this question are numerous, but as I have heretofore had occasion to examine this question in Wolfe v. Goulard (18 How. Pr., 64), and cited various authorities therein, I refer thereto without citing them again at this time. The question in that *391 case was similar to the present, and it was there held that no exclusive use to the name of a place or of the article manufactured could be gained for a trademark.
That case has been cited with approbation in various cases since that time (12 Abb. Pr., 237; 24 How. Pr., 206; 5 Abb. Pr. N. S., 218; 3 Keyes, 594; 5 Phil., 464; 35 Cal., 524; 3 Wall., 311). In a late case in Second District, of Nolenbad v. U. Wolfe & Co., the same principle has been reiterated and the former decision sustained.
The whole course of authority on this subject is uniform against the right of any party to obtain a-trademark by such words.
Upon the second question, as to labels and wrappers, I am of the opinion that the plaintiff is entitled to the injunction. The color of the paper, the words used, and the general appearance of the labels when used, show an evident design to give a representation of those used by the plaintiff, and the directions for using are an exact copy of those used by the plaintiff.. It is impossible to adopt any conclusion other than that the intent was to leave purchasers, from the general appearance of the article, to suppose that it was the original Worcestershire sauce which they were buying. It is true that the defendants have substituted their name as the manufacturers, but that alone will not relieve the defendants from the charge of an attempted imitation of the labels and wrappers of the plaintiff for the purpose of misleading purchasers. ,
In the case of Wolfe v. Goulard, before cited, I suggested that the insertion of the name of the maker was a notice to the purchaser that the article was manufactured by other persons, but the general term subsequently held that the change of name did not relieve the defendants.
The motion for injunction, so far as relates to the *392 name of the article sold, is denied; tint granted as to the use of labels and wrappers in imitation of the plaintiffs.