E. R. PENNEBAKER *vs.* H. T. TOMLINSON & others.

April Term, 1874.

POLICY OF FIRE INSURANCE—STIPULATION AGAINST ASSIGNMENT.—A stipulation in a policy of insurance against loss by fire, that the risk shall cease, and the policy be void if the policy be assigned either before or after a loss without consent of the company endorsed thereon, has no application to an assignment of the demand against the company after the loss has occurred.

SAME—TERMINATION OF RISK BY LEVY OF EXECUTION.—The stipulation of a fire policy that the levy of an execution shall be deemed an alienation of the property, and the policy thereupon terminate, only applies to such a levy as divests the title to the property out of the assured.

INSURANCE FUND.—RISK UNDER THE STATUTE.—Under the statute which makes the bonds deposited by insurance companies a security for risks taken by citizens of the state, it is the risk which secures the lien, and the lien will not be lost by assignment after the loss.

*J. W. Bonner*, for Johnson & Anderson.

*W. B. Reese and G. M. Foggs, Jr.*, in opposition.

THE CHANCELLOR:—This case again comes before me upon exceptions filed to the report of the clerk and master because it allows the claim of Johnson & Anderson, which is for loss by fire under a policy on a dwelling house in Memphis.

The first exception to this claim is, that the petition shows that shortly after the fire $2,500 of the amount secured by the policy was assigned to third persons, the original petitioners, and, on the 10th of March, 1871, the whole policy was assigned to the same parties, and that these assignments rendered the policy null and void. The clause of the policy relied on in support of this exception is in these words: " Or if this policy should be assigned, either before or after a loss, without the consent of the company endorsed thereon ; or if etc. * * * that in every such case the risk hereupon shall cease and determine, and the policy be null and void, unless, etc."

A restriction in a fire policy that it shall become void by assignment without the consent of the underwriters is, *prima facie*, valid, because, to use the language of Judge McKinney in *Mutual Pro. Ins. Co.* v. *Hamilton*, 5 Sneed, 272, " the personal character of the assured for integrity and prudence is a most important consideration. The insurer might be quite willing to underwrite a policy for one person, but not for another of different character and habit. The known reputation of the assured might be an ample guaranty that he would not secretly destroy his own property, with a view

to recover the insurance money, while that of the assignee might furnish no such assurance." The reason thus given, it is obvious, applies only to assignments of policies before loss, and not to assignment of the demand after the loss has occurred, and the rights of the parties have become fixed. So, it is said by the learned judge who delivers the opinion of the court in *Hobbs & Henly* v. *Memphis. Ins. Co.*, 1 Sneed 450, that the assignment of the policy (in the case of a fire risk) will be of no value to the assignee unless the subject. insured, or an interest therein be also assigned." This remark also can only apply to the policy before loss, for afterwards the right to recover for the loss becomes a chose in action, and may, nay must (the property being itself lost), be assignable without reference to an interest in the subject-matter. It is said in the same case, and such is undoubtedly the well settled rule, that a restriction upon the right of assignment is always *to be strictly construed.* 1 Ph. on Ins. 73 ; 5 Pick. 75 ; May on Ins. § 174 and cases cited. It must be so on principle. For, wherever a person undertakes to stipulate against a common right, his language will be construed so as to save the right as far as possible. And if the language used admits of two interpretations, one favorable to a legal right, the other in conflict therewith, the former will prevail. The stipulation in this policy when tested by these rules, will be found not to admit of the construction attempted to be put upon it. The provision is that the policy is to be void if assigned "either before or after loss." We have seen that there is a good reason for this restriction before loss. Now, is there any case in which the same reason would equally apply in case of a loss? If so, we have ascertained the intention of the parties, and can apply the words to that case, without extending them to the case now before the court where, it is clear, the reason does not apply. Manifestly, the reason of the rule would extend to the case of a partial loss. Suppose a policy on a house, as in this case, for one year to the amount of $6,000. In one month the roof of the house is burned to the extent of $500. The policy

is still good for $5,500 for eleven months. And there is the same reason why the policy should not, as to this $5,500 be assigned during the eleven months, as existed in regard to the original policy entire. Then the meaning of the clause in question is "before or after a partial loss"—any loss which does not terminate the policy, and fix the rights of the parties. It is obvious, too, that the annulling clause is only intended to extend to so much of the policy as continues in force after the partial loss. As to the loss already accrued, the rights of the parties have become fixed, and no assignment of the assured interest in such loss can possibly prejudice the insurer. In this way, we can give full effect to the language used, without supposing that the insurance company intended to go further, and stipulate for what would be, without any valid reason, and in violation of a legal right attached to all choses in action—assignment legal or equitable. The very language of the condition, that, upon assignment, the risk shall cease, shows that it is only intended to apply to a continuing risk, not to the demand created by a loss as to which the risk has already ceased. 2 Atk. 557; 17 N. Y. 609.

If more were intended, I should unhesitatingly hold the stipulation void as contrary to public policy. May Ins. § 386.

The second exception is that no suit was commenced "for the recovery of any claim upon, under, or by virtue of this policy," within twelve months next after the loss, there being a limitation to this effect in the policy. But this stipulation, although usually sustained by the courts as valid, is in the nature of a statute of limitations, and must be relied on by the company. No third person can set up the defense. Certainly the trustee in this case would not be heard to urge such a plea, if the company acquiesced in the justness of the claim, and consented to its payment.

As matter of fact, however, it appears in the record that the assignees of the insured did file their bill in the Chancery Court at Memphis, against the insurance company, the assured and her husband, setting out the facts fully, and asking a decree against the company for the amount due them

on said policy. This is a " suit or action " within the meaning of the policy, and sufficient to save the bar. This suit is pending, being enjoined by the present bill. *Harris* v. *Phenix Ins. Co.*, 35 Conn. 310.

The next ground of exception is that the policy is void because the true state of the title to the property insured, was not disclosed to the company. This exception is grounded upon the fact that the policy states the property as belonging to Mrs. C. W. Johnson, whereas the petition discloses the fact that the legal title to the premises was in one Finnie, in trust for Mrs. Johnson. But the stipulation of the policy is that it shall be void " if any material fact or circumstance shall not have been fairly represented." The representation is usually a separate paper from the policy, and does not appear in this record. For aught that appears the title was correctly represented. The witnesses state that it was. The policy makes no reference to title and only says " on her two story frame dwelling house." It will scarcely be contended that the property was not hers, although the title was only equitable, not legal. And, if it were otherwise, and it had been represented as absolutely hers, the mere fact that the legal title was in a trustee for her would certainly not be a " material circumstance," within the meaning of the clause in question, sufficient to avoid the policy. 14 Md. 285 ; 10 Cush. 540.

Another ground of exception is that the policy was rendered void by the decree to enforce vendor's lien, and sale thereunder admitted by the petition. The exception is a little obscure, and I am in doubt whether it relies upon a sale under the decree, as equivalent to a foreclosure and levy of an execution, or whether there was also an actual levy of execution. The petition only speaks of the sale of " certain property situated in Memphis," sold by Wilbur and others to Johnson and wife, under the vendor's lien, without specifying the property. And I have overlooked the proof, if there be any, on the subject. The counsel of the petitioners argues the point as if there had been a sale of the property on which the insured premises were located under a decree

to enforce the vendor's lien. But for this argument, I should doubt whether the facts appeared in the record sufficient to raise the point made. The provision of the policy is thus worded : " The entry of a foreclosure of a mortgage or the levy of an execution, shall be deemed an alienation of the property, and this policy shall therefore terminate." These occurrences do not annul the policy, but only terminate it, because the interest of the assured has been thereby brought to a close. That is the construction which would be put upon the clause under the rules already referred to. An interpretation consistent with good sense, and meeting a manifest object, would be preferred to one without either rhyme or reason. To work a termination of the policy, there must be a complete and technical foreclosure, or such a levy of an execution as divests title. The record does not show the former, and no levy of an execution in this state on realty operates to divest title. The only levy which works that result is a levy on personalty, and the clause in question must be limited to such a levy. See May on Ins. § 269.

The last ground of exception is that the assignees of the assured being citizens of the state of Mississippi, are not entitled to share in a fund intended only for the citizens of this state. But the statute makes the fund " a security for risks taken by citizens of the state." It is the risk which secures the lien. If that be taken by a citizen, it is a matter of no consequence whether the citizen retains the claim after it has become fixed by the occurrence of the risk, or has assigned it. The claim is one covered by the statute, and the statute, at any rate, contains no provision making the claim, or its right to the security, void by assignment " after a loss."

The exceptions must be overruled, and the report confirmed.