ROBERT B. LANGDON *vs.* NATHANIEL R. THOMPSON.

March 7, 1879.

**Assignment for Creditors—Suits by Assignee.**—A voluntary assignee, holding title to property under a general assignment for the benefit of creditors, may maintain an action in respect to such property in his own name, without joining the creditors, and without disclosing the representative character in which he sues.

**Same—Clause authorizing Assignee to appoint Attorneys.**—A clause in an assignment which gives in terms to the assignee authority to make, constitute and appoint one or more attorneys under him, to assist in carrying out the purposes of the assignment, and to revoke the same at pleasure, does not vitiate the assignment; for it only gives to the assignee authority to do, through the agency of others, such things in connection with the execution of his trust as may be done equally as well by agents as by himself personally. Such a clause does not confer upon the assignee any authority to delegate any portion of his trust.

**Garnishment — When Execution may be levied on Property Garnished.**—A garnishee does not become charged in respect to the debtor's property in his hands at the time of the service of the garnishee summons, until judgment is rendered against him upon disclosure and an order of the court. Prior to that time an officer holding an execution against the debtor defendant in the original action, has no authority to seize such property on the execution, by virtue of any inchoate lien created under the garnishee proceedings. A mere order for judgment is insufficient to give such authority.

Plaintiff brought this action in the district court for Hennepin county, to recover the value of certain wagon-wheels,

alleged to be the property of plaintiff, and to have been unlawfully taken from his possession by the defendant. The complaint alleged title and possession in the plaintiff, but did not disclose that he held the property as an assignee, or that he sued as such. The defendant in his answer justified the taking as sheriff of the county, by virtue of an execution issued to him on a judgment in an action in the same court in favor of George F. Smith and Frank B. Scribner, partners as Smith & Scribner, and against one Gaines, and certain garnishee proceedings against one Banker. A jury was waived, and the action tried before *Young,* J., who found the facts, in substance, as follows: On October 25, 1876, Smith & Scribner brought suit in the district court for Hennepin county against John Gaines, and on the same day caused one Banker to be summoned as garnishee of Gaines. On disclosure made by Banker, before the clerk of the court, on December 4, 1876, it appeared that, at the time of the service of the garnishee summons, he had in his possession a large amount of property belonging to Gaines, including the wheels in question. On November 1, 1876, Banker turned over all this property to Gaines. On November 8, 1876, Gaines made a general assignment for the benefit of his creditors, to the plaintiff, who took possession of all the property which his assignor then possessed, including the wheels in question. On December 2, 1876, Smith & Scribner recovered and docketed judgment in their suit against Gaines. On January 5, 1877, the judge of the court filed his decision upon the clerk's report of the disclosure of the garnishee, by which he held that Banker, the garnishee, should be charged with the property of Gaines which he had in possession when served with the garnishee summons, and which he had turned over to Gaines, and that an order might be drawn in conformity with such decision; but no such order, nor any order or judgment, was made or entered against the garnishee. On January 5, 1877, Smith & Scribner caused execution to be issued on their judgment against Gaines, and placed the

same in the hands of the defendant in this action, as sheriff of the county, who by virtue thereof levied upon and took from the plaintiff the property in question, and afterwards advertised and sold it.

Upon these facts the court held (1) that Smith & Scribner, having failed to prosecute to judgment against Banker, the garnishee, failed to acquire a perfect lien on the property in his hands ; (2) that the assignment by Gaines to plaintiff vested in the latter a legal title to the property in question; (3) that the lien of the judgment creditors against Gaines only attached from the levy of execution, on January 5, 1877 ; and as plaintiff's title was then complete, the execution did not protect defendant in dispossessing the plaintiff. Judgment was accordingly ordered for plaintiff, a new trial was refused and the defendant appealed.

The assignment from Gaines to plaintiff purported to convey all the property of the former to the latter, "to have and to hold the same into the said party of the second part, his successors in trust and assigns," upon the trusts usual in such instruments, and authorized him, "for the purposes of said trusts," to make collections, etc., "and also, for the purposes aforesaid, or any part thereof, to make, constitute and appoint one or more attorneys under him, and at his pleasure to revoke the same."

*Benton & Benton*, for appellant.

*Shaw & Levi*, for respondent.

CORNELL, J. As the assignee of Gaines, under a general voluntary assignment for the benefit of creditors, the plaintiff was the trustee of an express trust. Gen. St. *c.* 43, § 11. As such he held the legal title, and all the equitable interest of the assignor in respect to the property in question. Gen. St. *c.* 43, § 16. He was, therefore, the real party in interest, within the meaning of Gen. St. *c.* 66, § 26, and could maintain this action in his own name, without joining the persons for whose benefit it was prosecuted, and without disclosing his representative character. Gen. St. *c.* 66, § 28. *Butterfield* v.

*Macomber,* 22 How. Pr. 150. The assignment was simply the evidence of his title, and it was competent to introduce it as such on the trial, under the general averment of title in the complaint.

The provision in the assignment, authorizing the assignee, "for the purposes aforesaid, or any part thereof, to make, constitute and appoint one or more attorneys under him, and at his pleasure to revoke the same," only gave to the assignee, in express terms, an authority which he would have had without it, to appoint agents and attorneys to assist in the collection of debts, and in the transaction of other business of a like character, that could be as well done through the agency of others as by himself in person. It gave him no authority to delegate any of his trusts, nor is any such authority found in any provision of the assignment. The use of the words "successors in trust," in the granting and *habendum* clauses of the assignment, is equally unobjectionable. Such phrase referred to such persons as might lawfully succeed the assignee, in case of resignation, removal or death, but it gave to the assignee no power to select his successor. *Nye* v. *Van Husan,* 6 Mich. 329; *Casey* v. *Janes,* 37 N. Y. 608; *Mann* v. *Whitbeck,* 17 Barb. 388; *Van Dine* v. *Willett,* 38 Barb. 319; *Maennell* v. *Murdock,* 13 Md. 164.

No order or judgment upon the disclosure has ever yet been entered by the court, under the opinion or decision of the judge, fixing the status of the property which was attached by the service of the garnishee summons, or the rights of the parties to the garnishee proceedings in respect thereto. That decision was simply an authority for the entry of an order and judgment, in conformity with the views therein expressed. *Ryan* v. *Kranz, ante,* p. 362. Until the rendition of such judgment, the garnishee is not charged in respect to the attached property, nor can it be delivered over to the officer holding the execution against the defendant in the original action, or seized by him on such process, by virtue of any prior lien, inchoate or otherwise, created thereon under the gar-

nishee proceedings.    Where no bond for the release of the attached property is given by the defendant, under the provisions of Laws 1871, *c.* 67, (Gen. St. 1878, *c.* 66, § 198,) the statute authorizes no interference with such property or its possession, prior to judgment against the garnishee, except upon application under Gen. St. *c.* 66, § 165, and order thereon requiring it to be brought into court, or delivered to a receiver appointed by the court.    See Gen. St. *c.* 66, §§ 160, 161, 164, 165.    Inasmuch, therefore, as the appellant sheriff had no legal right to seize and sell the property in question under the execution against the defendant, by virtue of any prior lien created thereon by the garnishee proceedings, he can only justify the act on the ground that the defendant had a leviable interest in the property, irrespective of such proceedings. At the time of the levy, all his interest therein having been theretofore transferred to the plaintiff, the levy was unauthorized, and the defendant was a trespasser in making it.

Order affirmed.