## BRISTOL COUNTY.

### DAVID A. WALDRON *vs.* HENRY T. WILCOX.

A. made an assignment for the benefit of his creditors of all his estate, part of which was under mortgage, and in the deed of assignment empowered the assignee to sell at public or private sale, to buy in the premises, to re-sell without responsibility for loss, and also to mortgage, and from the proceeds to pay, first, the creditors secured by mortgage, and then the other creditors of the assignor.

*Held,* that the deed of assignment was valid as against creditors, for it did not appear that any benefit accrued to the assignor, at their expense, from the powers given.

A plaintiff has no greater rights against the garnishee than the principal defendant debtor would have if himself suing.

CASE, against the defendant as garnishee. Heard by the court upon an agreed statement of facts.

*Providence, January* 19, 1882. MATTESON, J. This is an action of the case to recover money which the plaintiff claims to have attached by trustee process in the hands of the defendant. The case is submitted on an agreed statement of facts, among which appear the following : On the 10th day of August, 1875, Silas Moore mortgaged to the defendant certain real estate, situated in Providence, to secure the payment of ten thousand dollars loaned to him by the defendant. The real estate as mortgaged was sub-

ject to a prior mortgage for $65,000, held by the Warwick Institution for Savings. On the 9th day of October, 1875, Moore made a deed to Lyman Arnold, purporting to be an assignment of all his estate, both real and personal, not exempt from attachment by law, for the benefit of his creditors. By this deed he conferred upon his assignee power to raise money from the estate conveyed, by selling, *mortgaging*, or otherwise disposing of the same, either together or in parcels, for such price or prices, or sum or sums of money as could, or might, be reasonably obtained for the same, such sale or sales to be made, either by public auction, or private contract, at the discretion of the assignee, *with liberty to buy in the premises offered for sale, or any part thereof, at any auction or auctions,* and resell the premises so bought in at any future auction, or by private contract, without being answerable for any loss, expense, or diminution of price which should be consequent thereupon, and without the necessity of any consent, or concurrence, on the part of the assignor, and from the money raised, after paying the costs, charges, and expenses incident to the creation and execution of the trusts in the deed, to pay the sums secured by the mortgages on the assigned estate, and then the other debts of the assignor. On the 22d day of April, 1876, Arnold, by virtue of the power so conferred upon him, mortgaged the assigned estate to the defendant, to secure the payment of a loan of twenty-five hundred dollars, and, on the twenty-fifth of the same month, again mortgaged the assigned estate to James G. Markland, to secure the payment of a loan for a thousand and twenty-five dollars. These loans were procured by the assignee, and were made to him by the defendant and by Markland, for the purpose of paying the interest on the mortgage of the Warwick Institution for Savings then over due, to prevent a threatened sale of the property, and were so applied. On the 26th day of May, 1876, the defendant sold the estate under the power in the mortgage to him for ten thousand dollars, dated August 10, 1875, for fifteen thousand six hundred dollars, and on the 1st day of June following delivered to the purchaser a mortgagee's deed of the property, and received from him the purchase money. On the same day the plaintiff brought suit against Moore, the writ in which was served by summoning Moore and by attaching his personal estate in the

hands of the defendant, as his trustee. This suit was duly entered in the Court of Common Pleas for Providence County, at its December term, 1876, to which the writ was returnable, and at which the plaintiff obtained judgment against Moore for his debt and costs. From this judgment Moore appealed to this court, and at the October Term, 1877, the plaintiff again obtained a judgment for $3,184.16 and costs of suit, which is in full force and unsatisfied. In the suit so brought by the plaintiff against Moore, the present defendant made his affidavit, as trustee, in which, and in his answers to the interrogatories to him by the plaintiff, he fully disclosed the facts, but denied his liability. The surplus of the purchase money received by the defendant from the sale under the mortgage, after deducting the expenses incident to the sale and the sums due on the two mortgages held by him, was $2,010.51. This is the sum which the plaintiff claims to have attached, and now seeks to recover.

If the assignment of Moore to Arnold was valid against the creditors of the former, the plaintiff cannot prevail, for, in that event, the title to the property assigned vested in the assignee, and on sale thereof under ·the mortgage, the defendant became liable to account for the proceeds, not to Moore, but to the assignee. Moore could maintain no action for any portion of such proceeds, so long, at least, as the trusts in the assignment for the benefit of creditors were unperformed, and if he could not, neither can the plaintiff, for it is one of the general rules governing the right to attach by trustee process, that the plaintiff can have no greater rights against the garnishee, or trustee, than the principal debtor, and can be in no better condition, as to the garnishee, or trustee, than the principal debtor would be, if himself suing. *Smith* v. *Millett*, 11 R. I. 528, 534, 535. See, also, Drake on Attachment, §§ 458, 460 ; *Harris* v. *Phœnix Insurance Co.* 35 Conn. 310, 313 ; *Haven* v. *Wentworth*, 2 N. H. 93 ; *Carpenter* v. *Gay*, 12 R. I. 306, 307.

The plaintiff contends that the insertion in the assignment of the power to mortgage and the power to bid in the assigned estate rendered it fraudulent in law and void as to creditors. There is nothing in the terms of the assignment to indicate that any benefit was to be derived by the assignor at the expense of the creditors

from the exercise of either of these powers. They were evidently conferred upon the assignee to enable him, should the exigency arise, to protect the property, for the benefit of the creditors whose debts were unsecured, against a forced or ruinous sale, and though the exercise of them might delay somewhat the settlement with the creditors, it need not do so beyond that reasonable limit necessary to secure to them, in the fullest possible measure, payment of their claims, and which the law permits. *Gardner* v. *The Commercial National Bank, ante,* p. 155. In *Beatty, Trustee,* v. *Davis,* 9 Gill, 211, 216, a deed of trust for the benefit of creditors invested the trustee with the power of mortgaging the real estate conveyed to him, if he should deem it necessary to do so for the purposes of the trust, and it was held, that this power did not vitiate the deed. Again, in *Montgomery et al.* v. *Galbraith et al.* 19 Miss. 555, 559, 574, a clause in a deed of assignment, by a bank, for the benefit of its creditors, permitted the trustees to sell, or *pledge,* any of the property, or effects, conveyed, including the notes of the bank, in case any pressing emergency, not otherwise to be provided for, should render it necessary so to employ such bank notes. It was held that this clause did not vitiate the assignment. The plaintiff has cited *Planck* v. *Schermerhorn,* 3 Barb. Ch. 644, 646, in which a power in an assignment to mortgage, or lease, the estate assigned, was held void. It will be observed, however, that the chancellor nowhere states in his opinion that the assignment itself was void by reason of containing that power. What was the purpose of the power, or why it was held void, does not appear. A statute of New York, 1 Rev. Stat. 2d ed. 722, § 55, of the article concerning uses and trusts, allowed express trusts, *first,* To sell lands for the benefit of creditors; *second,* To sell, mortgage, or lease lands for benefit of legatees, or for the purpose of satisfying any charge thereon. A previous section of the statute, § 45, abolished uses and trusts, except as authorized and modified by the article mentioned. In *Darling et al.* v. *Rogers et al.* 22 Wend. 483, it was held that while under the provisions of this statute a trust to mortgage lands for the benefit of creditors generally was void, yet, if any of the creditors had judgments, mortgages, or other charges, on such lands, the trust to mortgage was valid, so far as it sought to pay, or secure the same,

or to mortgage a part of the assigned estate to pay such an incumbrance on such part. The trust in the assignment was to sell, or mortgage, the lands, and apply the proceeds to the payment of the debts, and it was held that the assignment was a valid instrument under the statute as to the trust to sell, although the trust to mortgage, being for the benefit of the creditors at large, was void. Doubtless the opinion of the chancellor, concerning the power to mortgage, in *Planck* v. *Schermerhorn*, cited above, was based, as the decision in the earlier case of *Darling et al.* v. *Rogers et al.*, upon the statute. Had the assignment been in other respects valid, it would probably have been sustained, notwithstanding it contained a power to mortgage which was void.

We think that the powers objected to, and that the assignment itself, for aught that appears, were valid as against the creditors of Moore. Having reached this conclusion, it is unnecessary to consider the remaining points discussed by counsel.

Judgment is rendered for the defendant for costs.

*Judgment for defendant.*

*Perce & Hallett*, for plaintiff.

*James M. Ripley & Charles A. Wilson*, for defendant.