EDWARD R. PERKINS *vs.* CLARA B. MORSE and another.

November 11, 1882.

**Disclaimer in Action to Determine Adverse Claims.**—In a statutory action to determine an adverse claim, the disclaimer of a defendant entitles the plaintiff to judgment determining that such defendant has no estate or interest in the premises to which the action relates, notwithstanding such defendant, in his answer, (in addition to the disclaimer,) puts in issue material allegations of the complaint.

**Practice—Effect of receiving Evidence "Subject to Objection."**—Where, upon a trial by a court without a jury, evidence offered by one party is "received subject to the objection" of the other party that it is incompetent, the meaning is that, without ruling upon the objection at the time when the evidence is offered, the trial court takes the evidence and the objection together under advisement, reserving a decision upon the question of competency for a future time. The evidence is not in the case, but whether it shall be or not depends upon the future ruling upon the objection.

**Possession as Evidence of Title.**—Mere possession is not alone presumptive evidence of title as against an admitted prior title in fact.

Action to determine adverse claims to real property, brought in the district court for Hennepin county. A motion by defendant Clara

B. Morse for judgment on the pleadings having been denied by *Vanderburgh*, J., the action was tried before *Lochren*, J., without a jury, and judgment ordered and entered for plaintiff, and the defendants appealed.

As appears from the settled case, the only evidence introduced to show the execution, delivery, and contents of the deed from Charles Galpin to George Galpin, mentioned in the opinion, consisted (1) of a deed from George Galpin of the same land to defendants' grantor, Charles Galpin being a subscribing witness and the notary who took the acknowledgment; and (2) the deposition of one Snell, who had known both of the Galpins and had been familiar with their business transactions, to the effect that some kind of conveyance had been made by Charles Galpin to George Galpin. But no evidence was introduced showing the loss or fairly raising the presumption of the loss of such deed, (if it ever existed.) The court found that defendants had not used sufficient diligence to warrant the reception of secondary evidence of the contents of the deed. The other facts are stated in the opinion.

*Savage & Woodman*, for appellants.

1. The admissions in the second counterclaim do not qualify the issues raised by the first counterclaim. *Bass* v. *Upton*, 1 Minn. 292, (408;) *Gertler* v. *Linscott*, 26 Minn. 82; *Swift* v. *Kingsley*, 24 Barb. 541; *Stebbens* v. *Lenfesty*, 14 Ind. 4; *Sabin* v. *Austin*, 19 Wis. 421; *Nevada, etc., Canal Co.* v. *Kidd*, 37 Cal. 282.

2. Defendant Clara B. Morse was entitled to recover on her possessory title. Actual possession is *prima facie* evidence of ownership. *Steele* v. *Fish*, 2 Minn. 129, (153;) *Booth* v. *Sherwood*, 12 Minn. 310, (426;) *Rau* v. *Minn. Val. R. Co.*, 13 Minn. 407, (442;) *Burt* v. *Panjaud*, 99 U. S. 180; *Brown* v. *Bowen*, 30 N. Y. 519; *Bates* v. *Campbell*, 25 Wis. 613; *Welch* v. *Jenks*, 12 N. W. Rep. 727. The former possession of George Galpin, under whom defendant claims, prevails over plaintiff's possession. 2 Greenleaf on Ev. § 311; *Sherin* v. *Larson*, 28 Minn. 523; *Dale* v. *Faivre*, 43 Mo. 556; *Keane* v. *Cannoran*, 21 Cal. 291; *Wilder* v. *City of St. Paul*, 12 Minn. 116, (192;) *Ford* v. *Belmont*, 69 N. Y. 567; *Hoey* v. *Furman*, 1 Pa. St. 295; *Bequette* v. *Caulfield*, 4 Cal. 278; *Morton* v. *Folger*, 15 Cal. 275; *Newnam* v.

*City of Cincinnati*, 18 Ohio, 323; *Duffey* v. *Rafferty*, 15 Kan. 9; *Proprietors of Enfield* v. *Permit*, 8 N. H. 512; Tyler on Ejectment, 72.

*Boardman & Ferguson*, for respondent.

BERRY, J.* This is an action under the statute to determine the adverse claims of the defendants to land of which plaintiff alleges that he is owner in possession. Defendant H. R. Morse, separately answering,—*first*, denies each and every allegation of the complaint; and, *secondly*, disclaims any adverse claim to the land. So far as he is concerned, the disclaimer is an end of the controversy. It is a solemn admission by which the plaintiff gains all that he sought against the disclaiming party. It not only dispenses with proof upon plaintiff's part, but it shows that the disclaiming party has no interest in the subject of litigation, and therefore renders any issues raised by his denials utterly immaterial. It entitles the plaintiff to a judgment upon the merits, determining that such party has no estate or interest in the premises to which the action relates. This disposes of the appeal of H. R. Morse.

The other defendant, Clara B. Morse,—*First*, denies every allegation of the complaint except that of plaintiff's possession, and alleges that she is the lawful owner of the premises in dispute. *Secondly*, as a defence and counterclaim, she alleges that she is the owner in fee-simple and entitled to the immediate possession of the premises, and that the plaintiff wrongfully and unlawfully withholds such possession from her. *Thirdly*, as a defence and second counterclaim, she alleges that she is owner in fee-simple of said premises; that her title is derived from Charles Galpin, a former owner thereof, who conveyed the same by warranty deed to George Galpin; that George Galpin, by deed duly recorded, conveyed the premises to Murray, who, by like deed duly recorded, conveyed the same to her, the defendant Clara. She further alleges that, after the conveyance from Charles to George Galpin, (which was never recorded,) Charles, by will duly probated, (a copy of the will and probate being duly recorded,) devised to his wife Semantha "all the property of which he was possessed;" that subsequently Semantha, by deed duly recorded,

*Vanderburgh, J, did not sit in this case, having denied the motion for judgment on the pleadings in the district court.

quitclaimed the premises in dispute to Sheldon, who afterwards quit-claimed the same to the plaintiff; that neither Sheldon nor plaintiff was a purchaser in good faith or for a valuable consideration, and that each had notice and knowledge of the conveyance from Charles to George Galpin, from George to Murray, and from Murray to defendant Clara. She further alleges that the quitclaim deeds mentioned are a cloud upon her title. Upon the allegations of her answer she prays for various appropriate affirmative relief.

The plaintiff's reply denies defendant Clara's ownership and right to the possession of the premises, also all knowledge or information sufficient to form a belief as to whether Charles Galpin "ever executed, acknowledged, or delivered any deed conveying the premises, or any part thereof, to the Galpin mentioned in the answer;" also all notice or knowledge of any unrecorded deed of the premises from Charles to George Galpin. These denials raise material issues, and the reply contains many other denials, not always in the best form, but still substantial denials of material allegations of the answer.

In this condition of the pleadings the motion of defendant Clara for judgment upon that part of her answer setting up her second counterclaim was well denied.

To come to the merits, it is admitted by defendant Clara's answer that plaintiff is in possession of the disputed premises, and under a claim of title. This is sufficient to entitle the plaintiff to judgment unless the defendant establishes an adverse estate or interest. She attempts first to show title to the premises under the alleged conveyance from Charles to George Galpin. This conveyance was never recorded, and the original was not produced upon the trial, and it was properly held by the learned judge below that its absence was not sufficiently accounted for to entitle defendant to introduce secondary evidence of its contents.

Parol evidence of the contents of the conveyance being offered, its competency was objected to by the plaintiff. It was, however, as the record states, "received subject to the objection." We take the meaning of this to be that, without ruling upon the objection at the time when the evidence was offered, the trial court took the evidence and the objection *together* under advisement, reserving a decision

upon the question of competency for a future time. The evidence was heard upon these terms only, the court being still at liberty to reject it, as it afterwards did, for incompetency. It was not in the case, but whether it should be or not depended upon a future ruling upon the objection. The result was that the defendant Clara, thus failing to prove the deed from Charles to George Galpin, established no paper or documentary title such as she had alleged and relied upon in her answer.

Defendant Clara attempted further to make out title by evidence of George Galpin's possession of the premises during a portion of the years 1855 and 1856, followed by evidence of mesne conveyances passing his title to her. A fatal obstacle to the success of this attempt is that, upon the trial, it was admitted by both parties, and must therefore be conclusively assumed to be a fact, that Charles Galpin was the original owner of the premises, and the possession of George Galpin is in no way connected with his title. The alleged possession of George is not alone presumptive evidence of any title as against an admitted prior title in fact. This is irrespective of the effect to be given to the fact that, in the third defence in her answer, defendant Clara specially derives the title of George Galpin from Charles Galpin, by deed.

Defendant Clara not having attempted to establish any adverse claim to the premises in controversy, except through the deed from Charles to George Galpin, and through the latter's possession, and having failed in both attempts, it follows that the plaintiff is, upon his admitted possession, entitled to judgment. Hence it is unnecessary to consider what title (if any) the plaintiff acquired under the will of George Galpin and the subsequent conveyances.

Judgment affirmed.

————

NOTE. A motion for a reargument having been made, the following was filed February 6, 1883:

Per Curiam. Motion for reargument. While the justices who heard this appeal are unanimous in denying defendants' motion for a reargument, we think that it would have been better to have laid

more stress (in the last part of the opinion filed) upon the admissions contained in the third defence, that the title of George Galpin, under whom Clara B. Morse claims, was derived from Charles Galpin by deed, and that plaintiff holds under an apparently perfect record chain of title from said Charles, which would be perfect in fact unless defeated by defendants' establishing the alleged lost deed from Charles to George Galpin. These were admissions for all the purposes of the case upon the trial, and relieved plaintiff from the necessity of proving any of the facts thus admitted. *Derby* v. *Gallup,* 5 Minn. 85, (119;) *McClung* v. *Bergfeld,* 4 Minn. 99, (148;) *Sexton* v. *Rhamcs,* 13 Wis. 99; *Hartwell* v. *Page,* 14 Wis. 49; *Orton* v. *Noonan,* 19 Wis. 350; *Farrell* v. *Hennesy,* 21 Wis. 632. The defendant having failed to establish this alleged deed from Charles to George Galpin, the alleged possession of George is not alone presumptive evidence of title as against this admitted record title of plaintiff.