MATTHEW DONOHUE *vs.* JOSEPH W. LADD, impleaded, etc..

November 24, 1883.

31 244
46 262
31 244
53 77
31 244
062 432
31 244
65 192
31 244
79 376

**Action to determine Adverse Lien—Vacant Land.**—Under Gen. St. 1878, c. 75, § 2, a person having or claiming title to vacant or unoccupied lands may bring an action against any person claiming a *lien* upon the same adverse to him, for the purpose of determining such adverse lien.

**Same—Defendant asserting no Interest, etc., in Himself—Denial of Plaintiff's Title.**—In such an action, if the defendant asserts no estate, interest, or lien upon the property in himself, the plaintiff is entitled,. as against him, to judgment, although, in his answer, he puts in issue other allegations of the complaint. If he claims no interest in the subject of the litigation, any other issues raised by his denials are immateterial. This is true, whether his answer contains an express and formal disclaimer, or otherwise affirmatively shows that he has no interest in the premises.

**Assignment for Creditors—Interest in possible Surplus not an Interest in the Property.**—When a debtor has made an assignment of his property for the benefit of his creditors, under Laws 1881, c. 148, and the assignee has accepted the trust and taken possession of the property, the legal title and the whole interest in the property, which was previously the assignor's, is vested in the assignee. The interest which the assignor has in the fund, founded upon the prospect of a surplus, does not constitute any estate or interest in or lien upon the property which he can assert in an action against him to determine an adverse claim to the property.

Action in the district court for Renville county to determine the adverse claims of the defendants Ladd, Stearns and Sawyer, to an interest in and lien upon certain real estate in that county. The complaint is in the form usual' in such actions. The separate answer of defendant Ladd denies any title or interest in plaintiff, alleges title in fee in defendant Stearns, an attachment of the land in a suit by himself against Stearns, before. plaintiff acquired any interest in it, and a subsequent assignment for the benefit of creditors, "under the insolvent laws of said state," made by defendant Ladd

to one Lovejoy, who duly accepted, etc. The answer further avers that plaintiff claims title as purchaser at an execution sale on a judgment against Stearns, and alleges facts showing that the sale was void and the judgment was never a lien, because the land was a congressional homestead, and the debt on which the judgment was rendered was contracted prior to the issuing of the patent. A demurrer to this answer was sustained by *Webber,* J., and the defendant Ladd appealed.

*C. H. Benton,* for appellant.

*Peck & Little,* for respondent.

MITCHELL, J. General Statutes 1866, c. 75, provided: "Section 1. An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims *an estate or interest therein* adverse to him, for the purpose of determining such adverse claim, estate, or interest. Sec. 2. If the defendant in such action disclaims in his answer any *interest or estate* in the property, the plaintiff cannot recover costs." By chapter 72, Laws 1867, section 1 was amended by adding the following: "Any person having or claiming title to vacant or unoccupied real estate may bring an action against any person claiming an *estate or interest* therein adverse to him, for the purpose of determining such adverse claim, and the rights of the parties respectively."

In *Bidwell* v. *Webb,* 10 Minn. 41, (59,) and in *Brackett* v. *Gilmore,* 15 Minn. 190, (245,) this court held that a lien was not "an estate or interest in land," but a mere charge upon it, and therefore not a proper subject of adjudication in this statutory action. Subsequently, and evidently in view of these decisions, the legislature (Laws 1874, c. 68) amended section 1 by inserting the word "lien" after the words "estate or interest," where they occur in the *first* or original clause of the section, but left unchanged the language of the *second* clause, added by the amendment of 1867. Gen. St. 1878, c. 75, § 2. The legislature have thus determined that liens might be adjudicated in these actions. They have indicated that in their view it was politic and proper that this should be done. If it can be done where the action is brought by a party in possession of land, there is no conceivable reason why it might not and ought not to be done where the

action is brought by a person having or claiming title to vacant or unoccupied lands. The omission to insert the word "lien" in the second clause, as well as the first, was evidently one of those oversights or inaccuracies that frequently occur in amendments of statutes. But we think that, taking the whole statute together as it now stands, it sufficiently appears as the legislative intent that the validity of liens may be adjudicated in this form of action, whether the facts of a case bring it within the first or the second clause of the section referred to. This view finds support in the fact that section 2 of the statute, as to disclaimer by answer, was left unchanged. This section was clearly designed to apply to all actions brought under the first section, and therefore the words "estate or interest," as used in section 2, must be construed as including "liens."

2. The defendant, in his answer, denies plaintiff's title, and alleges title in his codefendant, Stearns, and then attempts to set up a lien which he had acquired and formerly held on the land by virtue of a writ of attachment, issued in an action brought by him as plaintiff against Stearns, for the recovery of money. The answer is, to say the least of it, an inartistic pleading. But we shall assume, for present purposes, that it sufficiently alleges the issuing and levy of this writ of attachment. The defendant then alleges that afterwards, (in March, 1883,) "under the insolvent laws of the state, he made an assignment of all his property, including his claim in the action above mentioned, for the benefit of his creditors, to one Stephen B. Lovejoy, who thereupon qualified and accepted the trust, and took and still holds said property, and all of the same." This we construe as meaning an assignment under Laws 1881, c. 148, which is the only insolvent or bankrupt law in force in the state. It is immaterial, however, whether it refers to this, or merely to an assignment for the benefit of creditors, under Laws 1876, c. 44, (Gen. St. 1878, c. 41, §§ 23, et seq.)

An assignee, under a general voluntary assignment for the benefit of creditors, holds the legal title and all the equitable interest of the assignor in respect to the property covered by the assignment. He is the real party in interest, and is the only party who can maintain an action for the property. This he can do in his own name, with-

out joining the persons for whose benefit it is prosecuted, and without disclosing his representative capacity. *Langdon* v. *Thompson*, 25 Minn. 509. Bankrupt laws (such, in effect, is our insolvent law) vest in the assignee or receiver all the property of the insolvent. The whole interest in the property, which was the debtor's previously to the bankruptcy, is, after the bankruptcy, legally vested in the assignee or receiver. Hence, the admission in the answer that an assignment has been made under this insolvent law, and that the property has come into the possession of the assignee, is an admission that the title is altogether in the assignee. Barbour on Parties, 370, 371.

It is familiar at law to plead bankruptcy, the bankrupt having no interest in what he is suing for. If a bankrupt sues, a demurrer will lie, as the interest which he has in the fund, founded upon the prospect of a surplus, is not sufficient to entitle him to sue. The supposition of law is that there will be no surplus. Barbour on Parties, 370 ; Calvert on Parties, 199, 200, (1 Law Lib. N. S.) The defendant, therefore, according to his own admission, has no interest or right of property in the claim or attachment lien which he can set up, either as a cause of action or as a counterclaim or defence. His assignee is the only person who can do either, he being the party in interest in whom the entire interest and right of action is vested.

Therefore, inasmuch as this attachment lien is the only claim which defendant makes, his answer shows affirmatively that he has no estate or interest in the land. In legal effect it amounts to a disclaimer. The plaintiff was therefore entitled to the relief he asked in his complaint against defendant. Lovejoy's interest would be in no way affected by such judgment. The plaintiff was therefore entitled to the relief asked for as against the defendant. It is immaterial whether it was granted on the order sustaining the demurrer, or on an order for judgment on the complaint and answer, without interposing a demurrer. If there was error at all, it was error without prejudice.

It is suggested, however, that the answer puts in issue plaintiff's title, and that, if plaintiff had no title, this would be a good defence, even although defendant alleged no interest in himself in the land.

But it is settled in this court that in a . ...ntory action to determine an adverse claim, the disclaimer of a def... nt entitles the plaintiff to judgment determining that such defendant has no estate or interest in the premises to which the action relates, notwithstanding such defendant, in his answer, in addition to his disclaimer, puts in issue other allegations of the complaint. So far as he is concerned, the disclaimer is an end of the controversy. If he has no interest in the subject of the litigation, any issues raised by his denials are immaterial. If he makes no claim to the premises, he has no right to contest the validity of the plaintiff's claim of title. *Perkins* v. *Morse, 30 Minn. 11.* We apprehend it makes no difference whether the answer is an express disclaimer, or whether, as in this case, its allegations affirmatively show that he has no interest in the property. In either case, as against him plaintiff is entitled to judgment.

Order affirmed.