ASHLEY C. MORRILL *vs.* LITTLE FALLS MANUFACTURING COMPANY
and others.

June 8, 1891.

**Corporation—Right of Stockholder to Sue or Defend for Company.**
A stockholder in a corporation may sue both at law and in equity in
his own name in behalf of its interest and to vindicate a wrong done to
it, when it cannot or will not do so in its corporate capacity; and under
like circumstances a stockholder may defend in his own name an action
brought against a corporation.

**Same — Stockholders Admitted to Defend on Behalf of Company.—**
The rules by which a stockholder's right to defend in behalf of a corpora-
tion considered and applied in an action brought by a plaintiff against a
corporation of which he claims to be the president, and has caused the
summons upon it to be served upon himself as such president and upon
another person as its secretary, and where, after the corporation is in
default for want of answer, stockholders, also made defendants in such
action, but not served with the summons until long after the corporation
has defaulted, make application to defend in its behalf, their proposed
answer disclosing a meritorious defence on the part of the corporation,
and also alleging that the plaintiff is not the president, and that the per-
son whom he has recognized as secretary is not the secretary, of the cor-
poration.

**Same—Corporation held Served and in Default.—**In the consideration
of such an application, and as against the plaintiff at least, the court
must treat the corporation as having been duly served with the sum-
mons, and as in default for want of answer, through the inexcusable
neglect of its officers.

**Same — Effect of Order Allowing Answer by Stockholders — Subse-
quent Motion for Judgment on Pleadings.—** When an application
by the stockholders to answer under such circumstances, or to amend
an answer already made, has been passed upon by the district court, the
merits of the proposed defence, and the right of the stockholders to de-
fend in behalf of the corporation, have been determined, and are at rest.
The same questions cannot thereafter be litigated in a motion made by
plaintiff for judgment on the pleadings.

Appeal by defendants from a judgment of the district court for Morrison county, entered on the pleadings pursuant to an order by *Baxter*, J.

*F. W. Lyon, James E. Markham*, and *W. F. Bailey*, for appellants.

*Taylor, Calhoun & Rhodes*, for respondent.

COLLINS, J.    This action was brought to determine an adverse claim to real property in Morrison county, plaintiff in his complaint alleging himself to be the owner and in actual possession thereof. He caused personal service of the summons to be made upon himself as president of the defendant corporation, and also upon one Townsend as its secretary, on November 19, 1888.    More than 60 days thereafter (January 30, 1889) personal service of the summons was had upon defendants Roach, Thompson, and Laura B. Herrick, and on the same day service was duly made on defendant Nathan Herrick, by leaving a copy of the summons at the house of his usual abode.    The remaining defendants, said to have been non-residents, were served by publication of the summons, which publication commenced February 1st, and terminated March 15, 1889.    No answer was interposed by either of the defendants Roach, Thompson, or the Herricks; nor was an answer made in behalf of the corporation, except as hereinafter stated, and long after it was in default, if properly served,—that is, if the service upon it, before mentioned, was upon the proper persons as its officers.    For the purposes of this appeal we must assume Morrill to have been the president and Townsend its secretary, as claimed by the plaintiff, and hence that the period of time within which it was required to answer expired long before service was made, personally or by publication, upon the remaining defendants.    A few days before the time expired within which such defendants as had been served by publication could answer,—the exact date not appearing,—an answer was filed in behalf of the corporation and defendants Bullen and Mayhew.    Such answer simply put in issue the plaintiff's alleged title to the property, denying that he had any rights or interest therein.    The answering defendants failed to assert title in themselves, or a claim to the property of any description, and therefore the answer merely amounted to a disclaimer, the plaintiff being entitled to judgment on the plead-

ings. *Perkins* v. *Morse*, 30 Minn. 11, (13 N. W. Rep. 911, and 14 N. W. Rep. 879;) *Donohue* v. *Ladd*, 31 Minn. 244, (17 N. W. Rep. 381.) In the month of August, 1889, an application to amend this answer, based upon certain affidavits and the proposed amended answer, was denied as to the defendant corporation, but allowed as to the defendants Bullen and Mayhew, the proposed amendment to stand as their answer. From this order no appeal was taken. A reply was duly served, and thereafter, upon plaintiff's motion, judgment on the pleadings was ordered in his favor as against the defendants last named. The appeal, taken by the defendant corporation and by Bullen and Mayhew, is from a judgment entered in accordance with the demand for relief found in the complaint against all of the defendants.

As we view the cause now before us, the rights of defendants Bullen and Mayhew only are proper subjects for consideration, the entire controversy being made to depend upon the regularity of the order granting plaintiff's motion for judgment on the pleadings, which then, so far as involved by the motion, consisted of the complaint, the amended answer of these two defendants, and plaintiff's reply. This brings us to a brief statement of the allegations in the answer. The answering defendants admitted the incorporation of defendant company in the year 1856, setting forth that they then became and had ever since remained shareholders, Bullen owning 42 and Mayhew 38 shares of its stock, of the par value of $100 per share. Defendants Roach and Nathan Herrick were also shareholders, and from the year 1883 said Bullen, Mayhew, Roach, Nathan Herrick, and one Babbitt had constituted the board of directors; and that Bullen was the president, and Mayhew the secretary, of the corporation, both of whom had resided in the state of Wisconsin for more than 20 years last past. The answer set forth a series of transactions, including the making and recording of a number of quitclaim deeds by persons who pretended to be the president and secretary of the corporation, pretending to convey in its behalf and to one Eustis the property in controversy, and by the latter to Thayer, the pretended president, and from Thayer to this plaintiff, through and by means of which Thayer and plaintiff had conspired and attempted to cheat and defraud the corpo-

ration out of all its property except its franchise. All of these deeds it averred were made without consideration, and in furtherance of the plan mentioned. There were other allegations in the answer in respect to the time when the answering defendants first learned of the manner and fraudulent nature of these various conveyances, putting it as within five days prior to the date of the amended answer; and it was also alleged that plaintiff, without claim of right, had been and was pretending to act and to be the president of said corporation, and that persons selected by him were pretending to be and to act as a board of directors thereof, equally without right; that any defence made by them would but aid and further the plaintiff's alleged fraudulent scheme, the defendants, as stockholders, having no redress, and being without opportunity for relief, unless permitted to interpose the proposed amended answer. The relief prayed for was, in substance, that the deeds before mentioned, and each of the same, be declared null and void, and that the title to said real property be adjudged and decreed to be in the defendant corporation. It will be observed that neither of these defendants Bullen and Mayhew asserts any right, title, or interest in this property, except such as they may have as the owners and holders of 80 shares in the aggregate of the capital stock of the corporation. They expressly allege the corporation to be the owner in fee, and it is apparent that their answer, to be available for any purpose, must be made available in behalf of the corporation. Nor do they claim more than this, as is clearly indicated by their demand for relief, which, if obtained, would be wholly in the interest of the corporation. To be brief, the answer, if of value or service to anybody when amended, inured to the benefit of the corporation, and not to the benefit of those who interposed it, save as stockholders.

As the motion for judgment on the pleadings admitted all of the allegations found in the answer, one question necessarily presented here is the right of a stockholder to defend an action against a corporation when it has neglected to do so, or when those who have been recognized by a plaintiff as its officers when serving the summons omit to do so, or when they are in a position where it would be use-

less and absurd to ask them to defend. Another question is as to the nature and character of the defence, which in this case have been very fully stated when setting out the contents of the answer. We have presented to us, therefore, a case wherein the plaintiff has made a corporation one of the defendants, of which corporation he has, according to the answer, wrongfully assumed to act as president, and has caused the summons to be served upon it by service upon himself as its principal officer, and also upon the person whom he recognizes as its secretary, but who was not such officer, if the answer be true. No answer was made by or in behalf of the corporation, and after its default the plaintiff caused personal service of the summons to be made upon other defendants, two of whom the answer alleged were members of the board of directors, which board consisted of five persons, as before stated. As service was not made on either of these persons as a director of the corporation, but upon each as an individual, and as the plaintiff denies that they were directors, it is evident that for present purposes such service cannot be held as affecting the corporation, so as to put it in default upon their failure to answer for it, as has been suggested by plaintiff's counsel. The plaintiff cannot be permitted to treat the defendants Roach and Nathan Herrick as directors when it may serve his purpose to do so, and then, at some other stage of the proceedings, deny that they are such officers. Later, when the defendants upon whom personal service had been made, had failed to answer either for themselves or for the corporation, service was made upon non-resident defendants and alleged stockholders by publication. Of this publication (no copy of the summons having been mailed to them, for, according to an affidavit made and filed in the action, the place of residence of each was unknown) the defendants Bullen and Mayhew were first informed but a very few days prior to the expiration of the period of time within which they were compelled to answer, and forthwith interposed for themselves and for the corporation the defective and insufficient answer before alluded to. Thereafter an application was made to amend this answer, and denied as to the corporation. But as stockholders, and not as having any other interest in the subject of the

litigation, these two defendants were permitted to file the amended answer, by means of which they seek to set aside a deed which, upon its face, purports to be the deed of the corporation, although it is not its deed according to the allegations, but is wholly fraudulent and void, and a part of a scheme, in which the plaintiff is said to have participated, to cheat and defraud the corporation of a valuable portion of its property. Through this answer these defendants strive to preserve corporative property, and to prevent its being lost to the corporation by means of fraudulent practices.

We do not understand it to be claimed by plaintiff (respondent) that this answer fails to state a defence to the cause of action set forth in the complaint, or that he can succeed if the allegations found therein can be substantiated on the trial. His main contention is that defendants Bullen and Mayhew have no standing in court as stockholders, because they have failed to show peculiar reasons for being permitted to litigate in behalf of the corporation, and have not brought themselves within the rule laid down in such cases; citing *Hawes* v. *Oakland,* 104 U. S. 450; *Huntington* v. *Palmer,* Id. 482; *Dannmeyer* v. *Coleman,* 11 Fed. Rep. 97; *Allen* v. *Wilson,* 28 Fed. Rep. 677, and other cases of like import. In the case first mentioned it was said, (p. 460:) "But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated, effort with the managing body of the corporation to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it." This is, more fully stated,

the elementary doctrine that a stockholder may sue both at law and in equity in his own name, in behalf of the company's interest, where it cannot or will not do so in its corporate capacity. And under like circumstances a stockholder may defend in his own name an action brought against a corporation. 4 Amer. & Eng. Enc. Law, pp. 280, 282, 283, and cases cited. The defence is independent of the company and of its directors, the stockholder becoming the real and substantial party to the extent of his own interests and those who may join him, and against whom any proceeding, order, or decree of the court in the cause is binding, and may be enforced. In such a case the court will permit a stockholder to become a party defendant for the purpose of protecting his own interests against unfounded or illegal claims against the corporation, and the remedy grows out of the necessity of the case, for the sake of justice, and may be the only one whereby a flagrant wrong may be prevented. *Bronson* v. *La Crosse R. Co.*, 2 Wall. 283. Ordinarily, of course, the corporation is the party to remedy its wrongs; but the right of the stockholder so to do in the event of a failure on the part of the corporation was first fully admitted in this country in 1855, (*Dodge* v. *Woolsey*, 18 How. 331;) and the rule therein announced, by which this right was to be determined, has been, as said by another, repeated, applied, explained, and extended by subsequent cases and by text-books, until a system of jurisprudence may be said to be based thereon. The right of a stockholder to take means to preserve the corporate property, to prevent its loss to the corporation, or the impairment of its value, was distinctly recognized in *Baldwin* v. *Canfield*, 26 Minn. 43, (1 N. W. Rep. 261.) It proceeds upon the principle that whatever is or may be inimical or injurious to the corporation is or may be an injury to the stockholder, and he is therefore entitled to equitable relief. *Dodge* v. *Woolsey, supra; Powel* v. *Vermont Valley R. Co.*, 12 Blatchf. 280; *Bayliss* v. *Lafayette, etc., Ry. Co.*, 8 Biss. 194; *Rogers* v. *Lafayette Agricultural Works*, 52 Ind. 296; Mor. Corp. 270, 271. The right being conceded, we simply have to do with its proper exercise, to apply the rule on which the right is made dependent and by which it is to be determined.

The plaintiff cannot be heard to say in this connection (as he attempts to do by claiming that Bullen and Mayhew are bound by their allegations that the persons served as officers were usurpers, upon whom no legal service could be made) that the corporation was not served with the summons when a copy was left in his hands as its chief officer, and with another person as its secretary. Therefore the corporation was in default for want of answer, through the neglect of those persons who were or pretended to be its officers, for more than six months, at the time the attention of Bullen and Mayhew was called to the proceedings.

From the fact that the plaintiff had deemed it necessary to make the corporation a defendant in an action involving the title to valuable real estate, it is fair to presume, against him at least, that the adverse claim and interest thereto, which, according to the complaint, it asserted, was not altogether simulated or unfounded. Good faith, then, towards the stockholders demanded of all who pretended to act for the corporation an honest effort to protect its rights, and a failure on their part might justify equitable interference. It is very obvious in this instance, that an appeal by the stockholders Bullen and Mayhew to these acting officers, one the plaintiff, and both derelict in the performance of a duty, would have been useless, not to say farcical. Even if this was not the situation, granting the corporation to have been properly summoned, it is difficult to see upon what ground the corporation could have obtained the right to interpose its defence when these defendants were first advised of the pendency of the action, for it had been inexcusably in default for some four months. Nor would this feature of the case have been improved if these answering defendants had called upon other directors, or had, as a last resort, asked action by the body of the stockholders. It is safe to say that in none of the adjudicated cases has anything unreasonable in this respect been required of shareholders who have attempted to vindicate the neglected rights of a corporation. Here the time within which the corporation could answer had long since expired, and it was in default. Other persons, said by these defendants to have been directors as well as shareholders, had been personally served within

this state, and for reasons not now apparent had not answered. These defendants, residents of an adjoining state for more than 20 years, served by publication of the summons only, discovered the pendency of the action a few days before the time within which they could answer, and, evidently in haste, prepared and served an ineffectual answer on their own behalf and for the corporation. Soon afterwards, upon affidavits, the contents of which need not be stated here, and a proposed amended answer, in which was a meritorious defence, they applied to the court for leave to file and serve the pleading last mentioned for the corporation as well as themselves. The court, in the exercise of a sound discretion, allowed the amendment in behalf of the stockholders, but refused to permit the corporation to interpose its defence, probably because it had in no manner excused or attempted to excuse its default. We are unable to see what more in the way of an effort to obtain redress of their grievances at the hands of the corporation could have been demanded of these stockholders before allowing them to litigate for it, unless we apply the rule laid down in cases where shareholders have attempted to institute and conduct an action for a corporation and in its behalf, or where they have sought to answer for it, pending the period of time within which it could of right answer for itself. Such was not the case at bar. On the facts presented by it, it is difficult to state what further should be required of defendants Bullen and Mayhew, or what more in the way of available means was within their reach, to obtain, within the corporation itself, action by it in conformity with their wishes, or to protect their interests, or what effort they should have made to induce remedial action on its part, accepting, of course, plaintiff's views as to who were the officers and managers of the corporation. Again, and in conclusion, we are now unable to see why the *status* of Bullen and Mayhew, as stockholders having the right to conduct the litigation for the corporation, was not disposed of and foreclosed by the order made upon their application to amend. It passed upon the merits of their proposed defence as found in an answer which was really that of the corporation. A determination of that application in favor of these stockholders included the question subsequently presented by plaintiff's motion for judg-

ment on the pleadings, which was their right to defend in behalf of the corporation,—their right to vindicate in their own names a grievous wrong alleged to have been perpetrated upon it by persons who assumed to act as its officers, and who, for the purposes of this case, must be regarded as such officers, and negligent in the performance of their duty to protect its interests.

Judgment reversed.