(108 N. W. 798.)

---

C. P. FRANKLIN v. DELLA P. JAMIESON-WOHLER, FRANK WOHLER, GUNDER NELSON AND GEORGE DIEBEL.

Opinion filed July 13, 1906. Rehearing denied October 4, 1906.

**Mortgage Foreclosure — Redemption Operates as a Transfer of Purchasers' Rights — Extinction of Junior Liens Thereby.**

1. A redemption from an execution or mortgage sale by a junior incumbrancer operates as an assignment or transfer of the rights of the purchaser at the sale, and, if there is no subsequent redemption within the time limited by law, the lien under which the redemption was effected is extinguished, and the redemptioner acquires the title.'

**Same — Mortgagor's Redemption Cancels Sale.**

2. A redemption by the debtor or mortgagor who owns the land sold cancels the sale.

**Same — Sheriff's Deed on a Redemption, Ostensibly by Another, But Actually by Mortgagor, Passes No Title, In Absence of Equitable Rights In Mortgagor.**

3. Where a redemption from a mortgage sale was ostensibly made by and in the name of an incumbrancer, but was in fact made by and for the mortgagor himself, who owned the land sold, and the certificate of redemption issued to the ostensible redemptioner who assigned it to the mortgagor, by whom it was again assigned to a third person, a sheriff's deed to such subsequent assignee passes no title, in the absence of any showing entitling such assignee to a decree adjudging him to be the owner on equitable grounds.

**Same — Cancellation of Debt — Possession of Certificate of Redemption by Mortgagor.**

4. Where both the redemptioner and the debtor, through mutual ignorance of their legal rights, regarded the certificate of redemption merely as an evidence of debt in addition to the debt secured by the mortgage, the possession of such certificate by the debtor is prima facie evidence that the same had been discharged and canceled.

**Same.**

5. The evidence is insufficient to overcome such prima facie evidence of cancellation.

Appeal from District Court, Grand Forks county; *Fisk, J.*

Action by C. F. Franklin against Della P. Jameson-Wohler and others. Judgment for defendants, and plaintiff appeals.

Modified and affirmed.

*J. H. Frame* and *Tracy R. Bangs,* for appellant.

When a witness willfully swears falsely as to a material fact, his entire testimony may be disregarded, unless corroborated by other credible evidence in this case. Blotcky v. Caplan, 59 N. W. 204; Mantonya v. Reilly, 56 N. E. 425; Hill v. Montgomery, 56 N. E. 320; Freeman v. Easly, 7 N. E. 656; White v. N. Y. Cent. Ry. 42 N. E. 456; Dohman v. Niagara, 71 N. W. 69; Allen v. Murray, 57 N. W. 979; Patnode v. Westhaver, 90 N. W. 467. Where a second mortgagee redeems his title to the property is complete, unless inferior lienors redeem from him. Rev. Codes 1899, 5540; Page v. Rogers, 31 Cal. 301; Leonard v. Tegner, 26 Pac. 1099.

One who acquires title to real estate by fraud holds it in trust for the party defrauded. Prondzinski v. Garbut, 8 N. D. 191,

77 N. W. 1012; Huxley v. Rice, 40 Mich, 73; Combs v. Little, 40 Am. Dec. 207; Jasper v. Hazen, 1 N. D. 75; Lakin v. Sierra Butte Mining Co. 25 Fed. 341; Nat'l Bank of St. Paul v. Stillwater Gas Co. 30 N. W. 440; 2 Pom. Eq. Juris. Vol. II, 1053; Moore v. Crawford, 130 U. S. 122, 9 Sup. 61 Rep. 447; Christy v. Sill, 95 Pa. St. 380; Dray v. Dray, 27 Pac. 223; Hollinshead v. Simms, 51 Cal. 158; Salmon v. Symonds, 30 Ca: 301; De Penier v. De Contillon, 4 John. Ch. 90; Perry on Trusts, 186; Brown v. Lamphear, 35 Vt. 252; Cole v. Ficket et al., 49 Atl. 1066; Nester v. Gross, 69 N. W. 39; Milner v. Rucker, 20 So. 510; Davis v. Settle, 26 S. E. 557; Rollins v. Mitchell, 53 N. W. 1020.

Where a husband is prohibited from acquiring title to real estate the wife is also prohibited and vice versa. Hardeman v. Cowen, 19 Smedes and M. 486; Taylor v. Eckford, 10 Smedes and M. 21; Robinson v. Lewis, 10 L. R. A. 101; Hamblet v. Harrison, 31 So. 580; McLean v. Letchford, 60 Miss. 169.

A bona fide purchaser for value without notice from a grantor in forged conveyance, obtains no title that a court of equity protects. Bernardo Sempeyreal v. U. S., 7 Peter, 222, 8 L. Ed. 665; Gray et. al. v. Jones, 14 Fed. 83; Van Amring v. Morton, 34 Am. Dec. 517; Scoles v. Wilsey et al., 11 Iowa, 261.

*Guy C. H. Corliss,* for respondent.

The transfer of real estate in the adverse possession of another under color of title is void. Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77; Galbraith v. Payne, 12 N. D. 164, 96 N. W. 841.

Fraudulent alteration of an instrument renders it void. 2 Cyc. L. & Proc. 183, 185.

ENGERUD, J. Plaintiff brought this action to foreclose a real estate mortgage given by defendant Mrs. Jameson-Wohler to one Dr. Reilly, by whom it was assigned to plaintiff. The mortgage purports to secure the mortgagor's promissory note for $750 and interest at 12 per cent per annum from its date, October 24, 1896. The note was due November 1, 1897. It is alleged in the complaint that a prior mortgage on the premises, given to Janney, Semple & Co., had been foreclosed on January 8, 1898, and the property sold to said Janney, Semple & Co. for $455.95. That said Dr. Reilly, as second mortgagee, redeemed from said sale in January, 1899, and received a sheriff's certificate of redemption, paying for that purpose the sum of $510.65. That thereafter the defendant

Mrs. Jameson-Wohler, by fraud and stealth, and without considera-
tion, obtained possession of an instrument which had been exe-
cuted by Reilly purporting to assign to her said certificate of re-
demption, and that she thereafter executed to defendant Frank
Wohler an assignment thereof—all of which instruments were re-
corded. That said Frank Wohler thereafter, pretending to be the
owner and assignee of said certificate of redemption, presented th..
same to the sheriff and procured from that officer a sheriff's deed
of said premises, which deed was also recorded. The only relief
prayed for is the foreclosure of the mortgage in the usual form
for the amount due on the mortgage, including therein the sum
paid for redemption from the first mortgage. Plaintiff's theory ap-
parently is that the redemption had no other effect than the pay-
ment of a prior lien, entitled him only to add the sum so paid to
his own lien. The plaintiff has misconceived his rights as well as
his remedy. If the facts were as alleged in the complaint, the re-
demption by Reilly as second mortgagee had the effect to transfer
to him all the rights of the purchaser at the sale; the certificate
of redemption operating as an assignment of the certificate ' of
sale. After the year for redemption expired he was entitled to a
sheriff's deed, which would vest the title in him. .Rev. Codes 1899,
section 5544 (Rev. Codes 1905, section 7143) ; Sprague v. Martin
(Minn.) 13 N. W. 34. His mortgage lien would thereby be ex-
tinguished. If the assignment of the redemption certificate was
wrongfully obtained from Reilly, the remedy is a suit in equity
to establish that fact and enforce Reilly's or the plaintiff's right
to the land as a real owner thereof. The complaint clearly states
no cause of action for the foreclosure of the second mortgage. This
objection to the complaint, however, was apparently lost sight
of in the court below.

The defendants Mrs. Jameson-Wohler and Mr. Wohler answered
jointly, and allege that the note and mortgage described in the
complaint were given for only $350, but that Dr. Reilly. the mort-
gagee, fraudulently altered the same so as to make the same ap-
pear as a note and mortgage for $750. They further allege that
the redemption, although made in the name of Dr. Reilly as a mort-
gagee, was in fact made by and for Mrs. Jameson-Wohler, the
mortgagor and then owner of the land; and that the amount
paid for the redemption was the money of said Mrs. Jameson-
Wohler, and not the money of Reilly. They further aver that the

entire mortgage debt was paid to Dr. Reilly. They pray for a judgment canceling the mortgage as a cloud on the title and adjudging Frank Wohler to be the owner of the land by virtue of the sheriff's deed. The trial court found for defendants, and judgment was entered for the relief prayed for by them. This appeal is from the judgment, and appellant demands a retrial of all the issues.

It is quite apparent that Dr. Reilly and Mrs. Jameson-Wohler are the real opposing parties in this action. Aside from the documentary evidence, the testimony of these two persons is virtually the only evidence in the case. It is painfully evident that each of these two witnesses are alike unworthy of credit. As to Dr. Reilly, the record clearly discloses that he knowingly testified falsely at the trial touching material facts in the case; and, as to the opposing witness, it is very apparent that she had little respect for the obligations imposed by her oath. It is undisputed that Mrs. Jameson-Wohler has had possession of the note and mortgage and sheriff's certificate of redemption since long prior to the commencement of this action. It is also evident from the allegations of the complaint and answer, as well as from the testimony of both parties, that both of them assumed and acted on the assumption that the redemption certificate was merely an evidence of a debt or obligation in addition to that evidenced by the note and mortgage. That being so, the possession of the certificate of redemption by the supposed debtor should be given the same evidentiary force as the possession of the note and mortgage by the obligor. Rev. Codes 1899, section 5713c, subds. 1, 9 (Rev. Codes 1905, section 7317). It is prima facie proof that the obligations have been discharged and canceled. The allegation that the possession of the papers was surreptitiously obtained by Mrs. Jameson-Wohler is supported by no other testimony than that of Dr. Reilly, who, as we have already stated, is utterly unworthy of credit. It follows that the prima facie proof of discharge or cancellation, afforded by the fact that the papers are in Mrs. Jameson-Wohler's possession, must prevail. The testimony of Mr. Prom is too vague and indefinite to be of any value as corroborative of that of Dr. Reilly. It tends to discredit Mrs. Jameson-Wohler's testimony; but, as above indicated, that was unnecsesary, because we disregard her testimony for the same reason that we decline to believe Dr. Reilly's.

There was no evidence that Frank Wohler is the owner of the land in question. He claims title by virtue of the sheriff's deed, which he obtained as an alleged assignee of the certificate of redemption. But if that redemption was in fact made, as he claims, by Mrs. Jameson-Wohler, the mortgagor and then owner of the land, then such a redemption is a cancellation of the foreclosure or execution sale. Rev. Codes 1899, section 5545 (Rev. Codes 1905, section 7144) ; Sprague v. Martin, supra. This result would in no way be avoided by the device of redeeming in Reilly's name and causing his certificate of redemption to be assigned to the mortgagor and owner of the land. There is no showing upon which to base a finding that Mr. Wohler is equitably entitled to the ownership of the land. It follows that the assignment from Mrs. Jameson-Wohler to Frank Wohler passed nothing.

The judgment should be modified so as to adjudge the ownership of the land to Mrs. Jameson-Wohler, instead of to Frank Wohler. As thus modified the judgment is affirmed, respondents to recover the taxable costs. All concur.