(No. 5439. September 20, 1929.)

KILPATRICK BROTHERS COMPANY, a Corporation, Plaintiff, v. GEORGE D. CAMPBELL, Sheriff of Blaine County, CATHERINE J. ARTHUR and J. G. HEDRICK, Defendants.

[281 Pac. 471.]

Roy Van Winkle and Sullivan & Sullivan, for Plaintiff.

196

J. G. Hedrick, for Defendants.

GIVENS, J.—June 5, 1921, Arthur Brothers, a copartnership consisting of Edward B. Arthur, John B. Arthur and Evan B. Arthur, and the individual members thereof and their wives, mortgaged to the Picabo State Bank certain real property. August 22, 1922, said mortgagors gave Harry H. Neal, trustee for Kilpatrick Brothers, a second mortgage on the same land. June 24, 1921, the Picabo State Bank assigned the first mortgage to the Live Stock National Bank of Chicago which bank, on February 5, 1924, assigned the mortgage to the Stockyards National Bank of Chicago.

On April 29, 1924, J. G. Hedrick obtained judgment against Edward B. Arthur and John B. Arthur, as copartners doing business as Arthur Brothers.

On August 2, 1924, the Stockyards National Bank brought a foreclosure suit on its first mortgage making all the mortgagors parties defendant as well as J. G. Hedrick, Kilpatrick Brothers, the Picabo State Bank and other subsequent lien-holders. J. G. Hedrick appeared in said suit in his own proper person and filed a disclaimer in the following words:

"Comes now the defendant, J. G. Hedrick, above named, in his own proper person, and for answer to the complaint in the above entitled action, says, that he has no right, claim, title or interest of, in or to the property in the above entitled

action, or any part thereof, and hereby disclaims all right, claim, title or interest therein.

"Wherefore this answering defendant prays that plaintiff take no judgment or decree against him, except to declare that he has no right, claim, title or interest in said premises, and without costs."

The property was bid in by the Stockyards National Bank.

Thereafter a decree in the foreclosure action was entered foreclosing the mortgage and providing as follows:

"That the defendants, and all persons having liens subsequent to the mortgage of plaintiff, and to the mortgage of the cross-complainants, the Picabo State Bank, Kilpatrick Brothers Company, and Harry H. Neal, Trustee, by judgment, decree or otherwise upon the land described in said mortgages, and their personal representatives, and all persons having any lien or claim by or under such subsequent judgment or decree and their heirs or personal representatives, and all persons claiming to have acquired any estate or interest in said premises subsequent to the filing of the *lis pendens* herein be forever barred and foreclosed of and from all equity of redemption and claim of, in and to said mortgaged premises and every part and parcel thereof from and after the delivery of said sheriff's deed."

Following the foreclosure sale, deficiency judgments were entered in favor of Kilpatrick Brothers and others, who had appeared in the above foreclosure action and had had established therein the relative priority of their liens.

During the period of redemption, the judgment debtors and mortgagors sold the right of redemption to their father, Edward J. Arthur, who redeemed the mortgaged premises from the foreclosure sale.

After the redemption, Kilpatrick Brothers levied an execution under their deficiency judgment on the property thus redeemed and at a sheriff's sale sold the same to satisfy in part its deficiency judgment. Thereupon Edward J. Arthur brought suit against Kilpatrick Brothers to quiet title, in which action Kilpatrick Brothers were adjudged to be the owners of a valid certificate of sale for said property. There-

after, on January 12, 1928, a sheriff's deed was issued to them. An appeal from this judgment was brought to this court but later dismissed without a hearing on the merits. That judgment, therefore, is a final adjudication that Kilpatrick Brothers, as against Edward J. Arthur, assignee of Arthur Brothers' equity of redemption, are the owners of the land.

On March 8, 1929, Hedrick assigned his judgment to the defendant, Catherine J. Arthur. On April 2, 1929, an execution was issued on this assigned judgment and levied on the lands in question. By reason of the date when his judgment was docketed, namely, April 29, 1924, Hedrick, acting for his assignee, Catherine J. Arthur, contends that it is prior and superior to the deficiency judgments of Kilpatrick Brothers and others, dated and docketed December 15, 1925.

The land was redeemed by Edward J. Arthur to whom the equity of redemption had been assigned by Arthur Brothers. A redemption by the mortgagor or his assignee does not give a new title but merely restores to the mortgagor or his successor in interest the former's title freed of the incumbrance of the lien foreclosed but subject to all other liens. (*Keel v. Vinyard, ante,* p. 49, 279 Pac. 420; *Albrethsen v. Clements, ante,* p. 80, 279 Pac. 1097; *Franklin v. Jamieson-Wohler,* 15 N. D. 613, 109 N. W. 56; *Mihoover v. Walker,* 63 Colo. 22, 164 Pac. 504; *DeRoberts v. Stiles,* 24 Wash. 611, 64 Pac. 795; 42 C. J. 451; 18 Cal. Jur. 599, sec. 815; 19 R. C. L. 655.)

Conceding that Edward J. Arthur stood in the shoes of his assignor and took the redeemed premises subject to any liens which might have attached to them by reason of claims against his assignor, Hedrick's disclaimer renounced any "right, claim, title or interest of, in or to the property" involved in the foreclosure.

If Hedrick after such redemption had the right to levy execution on the property, it would have been because his right and interest, by reason of the priority of the lien of his judgment, while quiescent, would nevertheless

be in existence and become active, as it were, when the title was restored to his judgment debtor, or his successor in interest, which would have been in connection with the original foreclosure. But in this particular case Hedrick had disclaimed all right, claim, title or interest to this property without any reservation whatever. (*Perkins v. Morse,* 30 Minn. 11, 13 N. W. 911, 14 N. W. 879; *Donohue v. Ladd,* 31 Minn. 244, 17 N. W. 381.) Consequently when this property was redeemed by Edward J. Arthur, his title was freed, because of the disclaimer, from the lien of the Hedrick judgment. A disclaimer is binding on the parties to the suit. wherein filed, and their privies. (*Tappan v. Boston Water Power Co.,* 157 Mass. 24, 31 N. E. 703, 16 L. R. A. 353.)

The language of the disclaimer, its broad and sweeping character without limitation, might well be said to have worked an estoppel against Hedrick to set up thereafter any claim or interest as to the property involved in the litigation or which his judgment debtor might have acquired by reason of the litigation in which the disclaimer without qualification had been filed. (*New American Oil & Mining Co. v. Troyer,* 166 Ind. 402, 76 N. E. 253, 77 N. E. 739.)

The writ heretofore issued is therefore made permanent. Costs to plaintiff.

T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Budge, C. J., dissents.