(No. 5690. November 14, 1931.)

J. PAUL EVANS, Appellant, v. A. HUMPHREY, Trustee for the City of American Falls, Idaho, POWER COUNTY, Idaho, et al., Respondents.

[5 Pac. (2d) 545.]

F. M. Bistline, for Appellant.

Bissell & Bird and A. Humphrey, for Respondents.

VARIAN, J.—Appellant brought this suit to quiet title to the SW.¼ of Sec. 14, Twp. 6 S., R. 33 E., B. M., in Power county, Idaho. Two causes of action are stated in the amended complaint, the first in the form of a simple action to quiet title and the second setting up alleged defects in the title of respondent, praying that title be quieted in him and that the court set aside a certain execution sale held June 14, 1927, and that the certificate of sale issued thereunder to respondent A. Humphrey, Trustee, be canceled. Respondents answered setting up the facts upon which they base title in A. Humphrey, Trustee for the City of American Falls, Power county, Idaho, and Independent School District No. 1 of Power county, Idaho. They likewise set up said title by way of cross-complaint and pray that title be quieted in said A. Humphrey, Trustee, and for other relief not necessary to mention.

The court found for the defendants and entered decree as prayed in the cross-complaint, from which plaintiff appeals.

On February 4, 1924, the Federal Reserve Bank of San Francisco obtained a judgment in case No. 1589 against Evans Brothers Land & Livestock Company, a corporation, in the district court for Power county, for the sum of $7,178.07, and on October 22, 1924, in the same court, the city of American Falls, Idaho, obtained a judgment, in case No. 1565 for $14,000, against said Evans Brothers Land & Livestock individually, and for $17,556.01, against Evans Brothers Land & Livestock Company, and other defendants jointly. In this last action appellant was permitted to intervene but his complaint in intervention was dismissed by the final decree.

These actions are two of eleven suits commenced by various plaintiffs to recover on bank depository bonds. (See *Evans v. Power County,* 50 Ida. 690, 1 Pac. (2d) 614.)

On October 20, 1926, the judgment debtor, Evans Brothers Land & Livestock Company, by quitclaim deed, reciting a consideration of $1, and other valuable considerations, conveyed the land in controversy to appellant, who owned 100 shares in said corporation and was the son of the president and brother of the secretary of said judgment debtor.

By agreement the several judgment creditors, in the eleven cases mentioned, assigned their interests in their judgments to respondent A. Humphrey, Trustee, for collection, etc., and we held in Evans v. Power County, supra, that it was immaterial to appellant whether the contract between the municipal corporations and himself under which respondent A. Humphrey purported to act as trustee, was ultra vires or not; following Evans v. Humphrey et al., (C. C. A.) 38 Fed. (2d) 984.

Prior to the execution and delivery of said quitclaim deed, the land in controversy was sold under an execution issued in case No. 1589, on August 2, 1926, to respondent A. Humphrey, Trustee. Thereafter, on June 14, 1927, and before the expiration of the one-year redemption period, the property was again sold under an execution issued in case No. 1565, to respondent A. Humphrey, Trustee. On August 1, 1927, before the period of redemption under the first sale had expired, appellant J. Paul Evans redeemed the property from the sale had under execution in case No. 1589, but did not offer to redeem from the sale in case No. 1565, from which sale there has been no redemption by anyone. There is no question of proration under our attachment statutes involved in this suit.

The principal question presented by this appeal is this: after the land was sold under execution in case No. 1589 on August 2, 1926, was there any interest of the judgment debtor remaining in the land subject to execution under the judgment obtained in case No. 1565, sold to A. Humphrey, Trustee, under the sale of June 14, 1927? Appellant contends that there was no such interest and is sustained in this contention by the case of Hamilton v. Hamilton, 51

Mont. 509, 154 Pac. 717, and other cases from the same jurisdiction interpreting statutes almost identical with our own, except that the Montana code did not provide that the judgment debtor might remain in possession of the premises sold during the period of redemption, at the time the case mentioned was decided. (*McQueeney v. Toomey*, 36 Mont. 282, 122 Am. St. 358, 13 Ann. Cas. 316, 92 Pac. 561; *State v. Stephens*, 63 Mont. 318, 206 Pac. 1094; *Brown v. Timmons*, 79 Mont. 246, 57 A. L. R. 1122, 256 Pac. 176; *Dipple v. Neville*, 82 Mont. 280, 267 Pac. 214.) These cases hold generally that the right of redemption is a mere personal privilege, not an interest in land and that a junior lienor must resort to redemption to acquire title to the land. We do not concur in this view.

C. S., sec. 6930, so far as pertinent, reads as follows:

"Upon a sale of real property the purchaser is substituted to, and acquires all the right, title, interest and claim of the judgment debtor thereto; and all his right, title, interest and claim thereto at any time during any subsisting lien thereon by attachment in the action, or by the docketing of the judgment. When the estate is less than a leasehold of two years' unexpired term, the sale is absolute. In all other cases the property is subject to redemption, as provided in this chapter. . . . . "

Under statutes similar to ours and those obtaining in Montana, the California court has held that property may be sold in execution or foreclosure, of a junior lien, after sale under prior lien, but before the period of redemption has expired. (*Bateman v. Kellogg*, 59 Cal. App. 464, 211 Pac. 46; see, also, *Hammond v. Horton*, 137 Mo. 151, 37 S. W. 825.)

As to whether a judgment debtor's equity of redemption after execution sale is subject to levy and sale under execution under another judgment is a question upon which the courts are divided. (See 23 C. J. 345; *Sayre v. Vander Voort*, 200 Iowa, 990, 42 A. L. R. 884, 205 N. W. 760.) And where the judgment debtor has conveyed his interest in the property he may still redeem, the title inuring to the

benefit of his grantee. (*Huling v. Seccombe,* 88 Cal. App. 238, 263 Pac. 362.)

At the time of the sale in case No. 1589 the judgment lien had already attached in case No. 1565. A. Humphrey, Trustee, as purchaser under the sale in case No. 1589, acquired a qualified legal title to the land sold (*Keel v. Vinyard,* 48 Ida. 49, 279 Pac. 420) subject to the right of redemption and subject to the right of possession of the judgment debtor, or its assignee grantee, J. Paul Evans, appellant herein. There remained in appellant, as successor in interest to the judgment debtor, therefore, an inchoate right, or interest in the land which might ripen into absolute title, subject to any liens existing at the date of his deed, upon redemption by him from said execution sale. The title so arising from redemption was not a new title. It was merely the original title of the judgment debtor restored freed of the lien for which the property was sold, but subject to all other liens including the lien of the judgment in case No. 1565. (*Kilpatrick Bros. Co. v. Campbell,* 48 Ida. 194, 281 Pac. 471; *Evans v. Power County, supra.*) On the other hand, had there been no redemption from the sale in case No. 1589, the lien in case No. 1565, and all other junior liens, would, after the year for redemption expired, have been extinguished automatically. Prior to the expiration of the period of redemption the judgment liens subsequent to that of case No. 1589, did not cease to exist against the property. They would only be extinguished when there was a failure to redeem from the execution sale within the statutory period allowed. (C. S., sec. 6933.)

We have concluded that while the execution sale in case No. 1589 invested the purchaser with all the right, title and interest of appellant and his grantor, except the right of possession during the time of redemption, it was contingent upon appellant's right, or that of other lien creditors mentioned in par. 2, C. S., sec. 6932, to redeem, and that appellant had therefore a conditional interest in the property which was subject to levy and sale under repeated executions, under different judgments, from which

sales, within the time prescribed by statute, appellant had the right to redeem. Of course the failure to redeem from any execution sale would vest the title absolutely in the purchaser at such sale, free and clear of the liens of subsequent judgments or incumbrances (except taxes, etc.) whether execution or foreclosure sale had been had thereunder, or not. In order to free the property from the lien of the judgment in case No. 1565 under the facts of this case it was necessary for appellant not only to redeem from the first sale but from the sale had under execution on the judgment in case No. 1565. He has redeemed from the first sale, one step in the procedure to revest the title in himself as successor in interest of Evans Brothers Land & Livestock Company, but has failed to take the further one, that of redeeming from the second sale. He has gone only halfway.

He was a party by intervention to the action (No. 1565) in which the second judgment was entered, was a stockholder in the judgment debtor corporation, and was so related to its officers that we cannot but conclude that he had actual knowledge, at all times, of the two judgments. These facts do not bring the case within the rule followed in *Bateman v. Kellogg, supra,* cited by appellant, where the court required the party in a suit to quiet title, whose right to acquire the property was made possible by the redemption from sale under a prior lien (upon the theory that he who seeks equity must do equity), to pay the redemption money to the person redeeming from a prior foreclosure sale.

The execution issued April 16, 1927, under which the real property in controversy was sold, recited in effect that there was due jointly from the several defendants, including appellant's grantor, Evans Brothers Land & Livestock Company, the principal sums of $1050, balance on original judgment; $4,028.90, on the revival judgment dated November 9, 1925; and $455.73, on the revived judgment of April 3, 1926, all with accrued interest; and that there was due from defendant Evans Brothers Land & Livestock Company, a principal balance of $7,668.04, with accrued in-

terest. On November 9, 1925, the principal joint judgment and the judgment against Evans Brothers Land & Livestock Company were revived in the sum of $8,600; and on April 3, 1926, the joint principal judgment was revived in the sum of $1175, and separate judgments against certain other defendants in the sums of $600, $500, and $75, respectively. The first two were entered upon proper notice and motion and the last revival judgment upon motion and agreement of counsel. Appellant contends that the last revival judgment was void and that the sale thereunder passed no title to A. Humphrey, Trustee, first, because the motion and affidavit were not filed with the clerk before, the judge signed the order. (C. S., sec. 6939.) They were presented to counsel and to the trial judge, who marked them "lodged, April 3, 1926," and some time after the order was signed they were filed with the clerk. The record shows counsel for the respective parties agreed upon the form of the order and no objection was made in the case in which it was made. Not being seasonably objected to, failure to file the affidavit and motion was waived (49 C. J. 651).

█ It is next contended that the parties are not sufficiently described in the order of revival. It is entitled in the court, and case number (1565) is given, the name of the plaintiff, and "First National Bank of American Falls, Idaho, et al.," defendants, in the caption. The order reads in part:

"It is hereby ordered, adjudged and decreed by the Court that said joint, principal judgment in the above entitled cause be and the same is hereby revived to the extent of Eleven Hundred and Seventy-five ($1175.00) Dollars, etc. . . . . "

It then proceeds to give several judgments against three other defendants, individually, for $600, $500 and $75, respectively. The parties were sufficiently described.

██ It is finally contended that the record shows that sufficient money had been realized from sales of defendant Evans Brothers Land & Livestock Company's property to have satisfied the judgment. It will be recalled that there

were eleven cases and sales were under process issued on judgments in several of them; that the court from time to time, often with consent of `defendant's attorney, made allocations of the amounts realized, to be applied toward payment of the eleven judgments. These applications were confirmed by the court after notice to defendant's attorney. (See *Evans v. Power County, supra.*) We think this a collateral attack upon the judgment which was not wholly, if at all, void. At most the execution under which the property was sold calls for a larger sum than was due. If so it was erroneous, not wholly void. (See *Hunt v. Loucks,* 38 Cal. 372, 99 Am. Dec. 404.) It was the duty then, of appellant's grantor to make direct application for relief against the revival judgment, return and execution, otherwise they must stand, since they are not shown to be void upon their face. Since this is in the nature of a collateral attack upon a revival judgment, if it were error to admit evidence as to the circumstances under which said revival judgment was entered, the trial court having sustained the judgment, the error was harmless.

 Under the pleadings and proof the court was not authorized to make findings and conclusions relative to certain wheat grown upon the premises in controversy, since they are not responsive to any issue presented. The finding of fact simply finds that the liability upon a bond given by plaintiff must be determined in another action and properly had no place in the instant case. In so far as it attempts to fix the ownership of the wheat in question, the conclusion of law was not justified. This is not reversible error. (*Aranguena v. Bodenheimer,* 50 Ida. 209, 294 Pac. 519; *Seeley v. Security Nat. Bank,* 40 Ida. 574, 235 Pac. 976.)

We find no error in other matters complained of and therefore the judgment is affirmed. Costs to respondents.

Lee, C. J., and Givens and McNaughton, JJ., concur.

Mr. Justice Budge did not sit.

Petition for rehearing denied.